BREAUX, C. J.
Plaintiff sued the defendant for damages in the sum of $25,000.
In a personal difficulty with the defendant on the 26th day of February, 1913, plaintiff was shot and wounded by the former. For the wounds inflicted, he fifed suit against the defendant in May, 1913.
He alleged his inability, owing to his poverty, to pay the costs, and asked to be permitted to prosecute his suit under Act No. 156 of the General Assembly of 1912, without having to furnish security for the costs.
On the 12th day of May, 1913, Judge Wear of the district court permitted the plaintiff to prosecute his suit in accordance with the prayer of plaintiff’s petition.
On the 26th day of May, 1913, relator, defendant in the cause below, filed a motion to recuse the presiding judge on the ground of his relationship to George Wear, Jr., who prosecutes the suit for plaintiff for a contingent fee of one-half of the amount for which suit was brought.
An appeal was taken from the refusal of the district judge to recuse himself, and on appeal this court held that he should recuse himself.
The presiding judge, in accordance with the judgment of this court, recused himself on the 22d day of December, 1913, and designated Cass Moss, judge of the Fifth district, to try the case.
After the recused judge had taken charge as- presiding judge, the relator, defendant in *28 the case, filed a motion to vacate the order permitting plaintiff to prosecute his suit under Act No. 156 of 1912. The grounds were that he was not a citizen of Louisiana at the time that the suit was filed.
The clerk of court joined defendant, Mc-Olanahan, in the endeavor made to compel plaintiff to furnish security for costs.
The motion was overruled, and the order was not vacated.
The judge called to try the case (Moss) held that plaintiff was a resident and citizen of the state of Louisiana.
Reading the evidence, we find that plaintiff was beyond question a citizen of the United States, and the respondent judge held: That he acquired a residence and domicile in the state of Louisiana by residing here with the intention of remaining permanently. That he had acquired his domicile at the time that his cause of action arose; in other words, at the time that he was wounded. That after he was wounded he was sent out of the state in a semiconscious condition. There is nothing in the record showing an intention of plaintiff to abandon his residence, domicile, or citizenship, or a voluntary absence for the required time.
The judge, in his return to this court, further states that plaintiff, in a semiconscious condition, was sent to a hospital in Little Rock, Ark., where he remained as a patient until a few days before he filed this suit.
There are other grounds stated by the respondent judge in support of his order overruling the motion made to vacate the order granted by Judge Wear, permitting plaintiff to proceed with his suit, without paying costs, or filing a bond for costs. They are:
That relator, McOlanahan, has a remedy by appeal.
That the order permitting plaintiff to sue under Act No. 156 of 1912 was amply supported by the facts, and the affidavits made on behalf of the plaintiff were regular so far as shown on the trial of the motion to vacate the order before mentioned.
The judge states that plaintiff in motion abandoned his first' and third contentions, and only urged one of the contentions, namely: That White, the plaintiff in the main action, was not a citizen of the state of Louisiana, and therefore was not entitled to the benefits of Act No. 156 of 1912.
We pass to the proposition whether plaintiff was a resident of this state or not.
It is in evidence that plaintiff left Missouri on the 7th day of March, 1912, and worked in Louisiana about 12 months.
The laws of the United States regarding the time for acquiring domicile in the respective states are not extremely clear. They define citizenship, and how it is acquired, and the effect in that connection of residence in the respective states.
If plaintiff acquired residence in Louisiana, he lost it by returning to Missouri, without manifesting the intention ever to return.
In spité of the finding of the district court of fact that plaintiff had acquired residence in this state, this court is not of the opinion that that is all that is required in order to obtain the right maintaining one’s suit in forma pauperis. One must have acquired residence in this state with some degree of permanency in order to secure the right. It is not sufficient that he happened to be a citizen just at the time suit is brought. He left immediately after the filing of his petition, and directs the course of the proceedings from another state. Plaintiff does not have the right claimed. The point was decided in a Tennessee case under similar law regarding the right to sue without securing the costs. In the case to which we refer, it was held that one must continue to be a resident, and we agree with that view. Railway Co. v. Thompson, 109 Tenn. 343, 71 S. W. 820.
It is therefore ordered, adjudged, and de *30 creed that the writs applied for in this case are maintained and made perpetual. The proceedings here are remanded to the district court in order that the case may be proceeded with in accordance with the law.