O’NIELL, J.
[1] The relator seeks to compel by mandamus the trial of his suit in the district court, without paying the costs in advance or furnishing bond and security therefor. He shows that he is too poor to pay the costs, and, on account of his poverty, is unable to furnish a bond to secure their *465 payment. He contends that, under the provisions of the Act No. 156 of 1912, although he is a citizen of the state of Missouri and has not been domiciled or resided three years in the state. of Louisiana, he is entitled to prosecute his suit against citizens of Louisiana in the courts of this state, without previously or at the same time paying the court costs and without giving bond to secure the payment of costs. The statute provides:
“That any person who is a citizen of this state or who, if an alien, has been domiciled in this state for three years, shall have the right to prosecute and defend in all the courts of this state all actions to which he may be a party, whether as plaintiff, intervener or defendant, without the previous or concurrent payment of costs or the giving of bonds for costs, if he is unable, because of his poverty, to pay such costs or to give bond for the payment of such costs,” etc.
The relator contends that this statute should not be construed so as to deny the citizens of other states of the Union the same privilege and equal rights given to the citizens of this state by the terms of the act, because such a construction would, he contends, violate section 2 of article 4 of the Constitution of the United States.
This statute does not relieve a pauper citizen of this state of the obligation to pay costs. The fourth section of the act provides that, if judgment be rendered against a litigant who has availed himself of the privilege granted by the act, he shall be condemned to pay the costs incurred by him and recoverable by the other parties to the suit.
Hence the statute only relieves pauper citizens of this state of the obligation of paying court costs in advance or as they accrue or furnishing bond and security for such costs. It does not accord this privilege to the citizens of this state who are able to pay or furnish bond for court costs. Hence it does not grant a privilege or immunity to all the citizens of this state or discriminate against the citizens of other states. It merely relieves the pauper or indigent citizens of this state, and those of other states who have been domiciled in this state for three years, of a certain burden, of which this state is not bound to relieve the citizens of other states.
This statute has no effect upon nonresidents of this state, but leaves them subject to the laws of this state affecting generally the citizens of this state. It has been held in other jurisdictions that a statute requiring only nonresidents to furnish bond and security for court costs is valid legislation. Haney v. Marshall, 9 Md. 194; Cummings v. Wingo, 31 S. C. 434, 10 S. E. 107; Kilmer v. Groome, 19 Pa. Co. Ct. 339.
[2] However, if we should find that the Act No. 156 of 1912 violates section 2 of article 4 of the Constitution of the United States, we would have no power to legislate or reform the statute so as to exempt from the operation of the law, requiring all other persons to-pay court costs in advance or as they accrue or to give bond to secure them, the pauper or indigent citizens of other states, who have-not been domiciled here for three years. Hence the relator has no interest in attacking the constitutionality of the Act No. 156 of 1912.
It was decided by this court in the case of White v. McClanahan, 135 La. 25, 64 South. 940, in which the present relator was the plaintiff, that:
“Where one claims the right, under Act No. 156 of 1912, to sue in forma pauperis, he must be a bona fide resident of this state, and not merely a wanderer who happened to be in the state at the time that his cause of action arose,, and who does not remain here thereafter.”
For the reasons assigned, the relator’s proceedings are dismissed at his cost, and the-respondent judge is discharged from the rule issued herein.