## FULTON BAG & COTTON MILLS v. FERNANDEZ et al.*
### No. 16201.

Court of Appeal of Louisiana. Orleans.

Feb. 10, 1936.

Arthur Landry, of New Orleans, for appellant John J. O'Niell.

Lemle, Moreno & Lemle, of New Orleans, for appellee Fulton Bag & Cotton Mills.

Porteous, Johnson & Humphrey, of New Orleans, for appellee Elsie Badelle Fernandez.

WESTERFIELD, Judge.

The Fulton Bag & Cotton Mills filed a concursus proceeding in the civil district court for the parish of Orleans pursuant to the provisions of Act No. 123 of 1922, alleging that Irwin Fernandez, one of its employees, had been accidentally killed during the course of his employment under circumstances involving its liability for compensation under the Workmen's Compensation Law (Act No. 20 of 1914, as amended), and that two persons, Elsie Badelle Fernandez and Hannah Anderson Fernandez, claimed to be the lawful wife of their deceased employee, and as such demanded payment of the compensation which it admitted to be due. An order permitting it to deposit the compensation in the registry of the court as it fell due and for citation of the two rival claimants was prayed for and obtained. The two women litigated the question of their status, which, on appeal, was considered by this court and determined in favor of Elsie Badelle Fernandez, as will appear by reference to our opinion in the matter reported in 159 So. 339. A writ of review was asked for and refused by the Supreme Court, and, our decree becoming final, the successful litigant, Elsie Badelle Fernandez, applied to John J. O'Niell, clerk of the civil district court, for payment of the compensation then due, which had been deposited in the registry of the court, which at that time amounted to the sum of $131.04. O'Niell declined to pay the full amount without deduction of the cost

incurred by both Elsie Badelle Fernandez ($16.95) and Hannah Anderson Fernandez ($16.35) amounting to $33.30, whereupon Elsie Badelle Fernandez, through her counsel, sued out a rule against O'Niell for the purpose of obtaining the full amount. Fulton Bag & Cotton Mills also filed a rule against O'Niell, in which it was set forth that it had prepaid the costs in the proceeding amounting to $25.90, which, under the provisions of Act No. 123 of 1922, it was not required to do, and asked that it be reimbursed by the clerk of court out of the judicial expense fund, or from the amount deposited by it in the registry of the court. Both rules were tried together, and resulted in a judgment in favor of Elsie Badelle Fernandez, as prayed for, ordering the clerk to pay over to her the entire amount of compensation due, or $131.04, and in favor of Fulton Bag & Cotton Mills, for the sum of $25.90, the amount of costs paid by it upon initiation of the concursus proceedings, payment to be made out of the judicial expense fund. An appeal to this court was taken by O'Niell.

■ Section 6 of Act No. 123 of 1922 absolves the applicant who deposits money in the registry of the court from the payment of any costs "in the proceedings, save the cost of service and citation on persons who do not answer the demand, and who do not make any claims upon the money so deposited." It is apparent, therefore, that the Fulton Bag & Cotton Mills was not obliged to pay filing fees upon the institution of the concursus proceeding. There is no contention that any other parties were served except the two whose rival claims were the subject of consideration by the district court and by this court on appeal. The costs which were paid in error by that corporation should therefore be returned to it out of the judicial expense fund, to which account all such collections are credited, and not out of the sum on deposit, as counsel for the clerk contends, because there is no provision in the interpleader statute authorizing or requiring the payment of costs out of the fund deposited.

■ In regard to the costs incurred by Elsie Badelle Fernandez and Hannah Anderson Fernandez, both of these litigants invoked the provisions of Act No. 156 of 1912, as amended, known as the Pauper Act. It is argued on behalf of Elsie Badelle Fernandez that, since our decree in her favor taxed all costs against Hannah Anderson Fernandez and that decree being now final, it cannot be altered or amended so as to tax her with any part of the costs. In so far as the costs due by Hannah Anderson Fernandez are concerned, our decree in favor of Elsie Badelle Fernandez relieves her of the payment of these costs, because, as we have heretofore stated, there is no authority for charging costs against the mass of the deposit in the registry of the court.

■ In regard to the costs due by Elsie Badelle Fernandez, the situation, notwithstanding our decree in her favor, is different, because, while that decree condemned Hannah Anderson Fernandez for the costs of the litigation, including the costs incurred by both claimants, nothing in our decree dispenses Elsie Badelle Fernandez with the necessity of paying the clerk the costs incurred by her, the advance payment of which she was relieved by the Pauper Act. As we said in Singleton v. First National Life Ins. Co., 157 So. 620, 622:

"It must be borne in mind that the statute does not entirely relieve the payment of costs, but only postpones payment until final determination of the cause. It is a moratorium. In White v. Walker, 136 La. 464, 67 So. 332, 333, the court said:

" 'This statute does not relieve a pauper citizen of this state of the obligation to pay costs. The fourth section of the act provides that, if judgment be rendered against a litigant who has availed himself of the privilege granted by the act, he shall be condemned to pay the costs incurred by him and recoverable by the other parties to the suit.

" 'Hence the statute only relieves pauper citizens of this state of the obligation of paying court costs in advance or as they accrue or furnishing bond and security for such costs.' "

Section 3 of Act No. 156 of 1912 gives a lien and privilege on a judgment obtained by a pauper in favor of the clerk, or other agency to which costs may be due. Since, therefore, the Pauper Act merely relieved Elsie Badelle Fernandez of the necessity of the advance payment of costs and did not absolve her from their ultimate payment, she should be required to pay to the clerk of court the amount of costs incurred by her, or $16.95, which should be deducted from the amount due her now in the registry of the civil dis-

trict court, upon which the clerk has a lien for their payment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended, in so far as it runs in favor of Elsie Badelle Fernandez, by reducing the amount awarded her from $131.04 to $114.09, and as thus amended it is affirmed.

Amended and affirmed.