187 So. 276

**LEE v. MEMPHIS NATURAL GAS CO.**

No. 35145.

Feb. 6, 1939.

Rehearing Denied March 6, 1939.

Dhu Thompson, of Monroe, for relator.

Theus, Grisham, Davis & Leigh, of Monroe, for respondents.

PONDER, Justice.

On October 14, 1938, the relator, James Milburn Lee, instituted suit against the Memphis Natural Gas Company and Associated Indemnity Corporation of San Francisco, California, under the Workmen's Compensation Act, Act No. 20 of 1914, for an injury received on Sepetmber 12, 1938, while in the employment of the Fluor Corporation who as independent contractors were installing machinery and equipment for the Memphis Natural Gas Company in the Parish of Ouachita. The relator alleged in his petition that he was a citizen and resident of Monroe, Ouachita Parish, Louisiana, and on account of his poverty sought to prosecute this suit under the provisions of Act No. 156 of 1912, as amended by Act No. 421 of 1938. Attached to the petition was the affidavit of the relator and one J. H. Fuller to the effect that the relator on account of his poverty was unable to pay the cost of court for the filing and prosecuting of relator's suit. On October 26, 1938, the defendants, the Memphis Natural Gas Company et al., moved to traverse the pauper's oath made by relator and one J. H. Fuller and asked that the order authorizing the relator to. pros-

ecute the suit without cost be set aside and that relator be required to furnish a bond for cost in a sum of not less than $200. At the trial of the motion to traverse the only testimony introduced was that of relator. The rule was submitted. The lower court on December 3, 1938, sustained the motion to traverse and made it absolute giving the plaintiff ten days in which to pay the cost in accordance with law otherwise the suit be dismissed. The minutes of the court show that the lower court reached its decision on the grounds that the evidence did not show the relator to be a bona fide citizen of Louisiana. The lower court was of the opinion that the evidence was too uncertain on the point that he came here to make this his home. The relator applied to this Court for the writs of certiorari, mandamus and review, which were granted and a rule nisi issued. The rule nisi was duly submitted.

The defendants, the Memphis Natural Gas Company et al., filed a motion to dismiss the rule nisi on the grounds: (1) That the relator not having applied for a rehearing had not exhausted all his remedies in the lower court; that under the rules of this Court, the matter could not be properly heard until the plaintiff had exhausted all of his remedies in the lower court and (2) that no judgment was signed and filed in the district court and until same is signed and filed, there is nothing for this Court to review. We have not been favored with any authorities supporting this contention nor has our attention been called to any rule of this Court which supports the movers' contention.

Evidently the mover had reference to the rule of this Court governing appeals or writs of review. In these proceedings the relator seeks mandamus. Since the movers have cited no authorities in support of the contentions set forth in their motion to dismiss and we are aware of no law to that effect, the motion to dismiss is denied.

From an examination of the evidence taken at the trial of the motion to traverse it appears that relator, a man thirty-five years of age, came to Louisiana in October, 1937, and worked for the Fluor Corporation in Louisiana and Arkansas. It appears that he came back to Louisiana in June, 1938, and worked for the same corporation until he received the injury complained of in his suit. The relator married in Huston, Texas some two weeks prior to his return to Louisiana in June, 1938. As soon as the relator became established, about two weeks after his arrival in June, his wife joined him at Monroe, Louisiana, and he and his wife lived there until about two weeks before the trial of the rule. The relator not being able to maintain and support his wife, she returned to Huston, Texas to stay with her sister until relator would become able to support her. The testimony shows that relator had been following public works from place to place all of his life. The relator testified to the effect that he intended to make Louisiana his home. The relator testified that he was desirous of obtaining a permanent position or permanent work in order to permanently locate and that he was offered two such jobs at Bastrop, Louisiana. The relator testified that he went to Bastrop to see

about these jobs. The relator testified that he was a blacksmith by trade and that one of the jobs at Bastrop was a blacksmith's job on a large farm. The relator testified that it was his intention if he became able or as soon as he became able to accept the job at Bastrop and permanently locate there. From the relator's testimony as a whole it does not appear that he was permanently located at any place prior to the time he came to Louisiana. Prior to the time he came to Louisiana with the exception of a few days, he was a single man and there would not be as strong a reason for the relator to permanently locate at any place as there would be after he became married. The relator is presently living in Louisiana. The lower court in its per curiam was of the opinion that the word "citizen" was more restrictive than the word "resident", and that in view of the provision in the Act that only a citizen or an alien who had been domiciled for three years in the State can avail themselves of the provisions of this Act. In support of this finding by the lower court, the lower court cites: White v. McClanahan, 135 La. 25, 164 So. 940, and White v. Kavanaugh et al., 140 La. 750, 73 So. 851. Upon examination of that case, we find that the plaintiff White after filing his suit left the State and was directing the course of his case from another state. This Court stated in that case to the effect that one must have acquired residency in this State with some degree of permanency in order to avail himself of the provisions of the Act. In the case of White v. Kavanaugh, supra the plaintiff did not allege that he was a citizen of the State or that he was unable

to pay the costs. It was also stated in that case that the allegation that he was a resident of the State was not sufficient. In the case of State v. Willie, et al., 130 La. 454, 58 So. 147, this Court stated that citizenship may be acquired by residence, with the intention of remaining and cites with approval: " 'In the absence of proof to the contrary, every man is considered a citizen of the country in which he may reside.' 7 Cyc. 147."

■ From the testimony in this case it appears that all the testimony offered was that of the relator and he has testified to the effect that he intends to remain permanently in the State. In view of the evidence we are of the opinion that the relator is entitled to prosecute his suit without the payment of cost or furnishing bond as provided for by Act No. 156 of 1912, as amended by Act No. 421 of 1938. It is not disputed herein that the plaintiff is unable to prosecute the suit except he be permitted to avail himself of the provisions of the Act.

For the reasons assigned, the rule nisi is made absolute and the writs herein issued are perpetuated. The order of the lower court of December 3, 1938, sustaining the motion to traverse is set aside and it is now ordered that the order of the lower court of October 14, 1938, permitting the relator to institute and prosecute his suit in forma pauperis be reinstated. The case is remanded to the lower court to be proceeded with consistent with the views herein expressed. The defendants, respondents, to pay the cost of this Court, all other costs to await the final disposition of the suit.