Plaintiff's main demand is one for compensation under the Employers' Liability Law, Act No. 20 of 1914, and in the alternative, one for damages under Article 2315 of the Revised Civil Code. He was injured while working in a syrup mill which he alleges was operated by the partnership of T. Aucoin Sons, composed of Joseph S. Aucoin and Albert N. Aucoin. He has accordingly made all three parties defendant.
The petition definitely discloses a cause of action under the Workmen's Compensation Statute, under the provisions of which, Section 34 of Act 20 of 1914, his remedy is exclusive of all others. He sets out the nature of his employment, his weekly rate of pay said to have been $9, the accident which occurred during the course and scope of his employment and the nature and extent of his injury for which he asks compensation as for total, permanent disability.
The defense presented by Joseph S. Aucoin is that whilst there formerly existed a partnership known as T. Aucoin Sons, which had been organized by his father, Theodule Aucoin, and consisted of his said father, his brothers William Aucoin and Albert N. Aucoin, and himself, the same has long since ceased to exist and that he has continued to use the same trade-name in his private business because of the good credit rating which it enjoyed. He alleges that in the year 1923 he bought out the interest of his brother Albert N. Aucoin which was then the only outstanding interest in the partnership. He avers further that he owns *Page 194 
the property on which the syrup mill in which plaintiff was injured is located but that he leases the same to Albert N. Aucoin who individually owns and operates the said mill in which he has no interest whatsoever and exercises no supervision or control over it in any capacity. Further, he avers that the plaintiff was not his employee, that he owes him nothing and is not liable to him for any compensation growing out of any accident he may have suffered.
The defendant Albert N. Aucoin in his answer, after joining the defendant Joseph S. Aucoin in his denial of the existence of any partnership, as alleged by the plaintiff, admits that he is the sole owner of the syrup mill and that he operated the same on the day plaintiff was injured. He admits further that plaintiff was in his employ but avers that at the time of his injury he was not performing any services arising out of or incidental to his employment. He alleges that plaintiff was employed by him as a truck driver to haul cane to the mill and that his duties with regard to his said employment had ceased an hour before he was injured. He further pleads that his business is farming and that it is not governed by the provisions of the Workmen's Compensation Statute. He denies that plaintiff is disabled but avers that should it be found that he is and that he is entitled to compensation, he should only recover for the loss of the use of an arm and not for total, permanent disability as demanded by him.
In the lower court there was judgment, after trial of the case, in favor of the plaintiff and against the defendant Albert N. Aucoin, condemning the latter to pay the plaintiff compensation at the weekly rate of $5.85, beginning December 6, 1939, for a period not exceeding four hundred weeks, less the sum of $18.62 shown to have been previously paid by him. Judgment was also rendered in favor of T. Aucoin Sons and Joseph S. Aucoin, dismissing plaintiff's suit as to both these defendants. The costs of court were cast equally between the plaintiff and the defendant, Albert N. Aucoin. From that judgment plaintiff has appealed devolutively.
Plaintiff's principal complaint with regard to the judgment appealed from is that it fails to condemn the defendant Joseph S. Aucoin, in solido, with the co-defendant, Albert N. Aucoin. He also cites as errors the failure of the district judge to have allowed interest in the judgment awarded against Albert N. Aucoin, at the rate of 5 per cent. on each of the deferred weekly payments from the date each was due, in not having decreed an award in favor of his attorneys for their fees under the contract which had been set out in the petition and for which he had accordingly prayed, and in casting any part of the costs of court against him.
The facts show conclusively, in our opinion, as they did to the district judge, that no partnership between Albert N. Aucoin and Joseph S. Aucoin exists or existed at the time plaintiff was injured. The proof amply bears out the contention of both these defendants that Joseph S. Aucoin had acquired Albert N. Aucoin's interest, which was the only remaining interest in the former partnership of T. Aucoin Sons, as long ago as 1923, and that he continued to operate his own private and individual mercantile business under that style using it as a trade-name both because of the good credit rating which it had established in the commercial world and also because he wanted to honor his father's name. The proof further shows that the syrup mill was operated by Albert N. Aucoin as his own private business with which Joseph S. Aucoin had no connection whatever except that he is shown to have leased the property on which it was constructed to Albert N. Aucoin in the year 1937. It is shown also that Albert N. Aucoin's laborers dealt with Joseph S. Aucoin at his store and that he extended them credit. Under an arrangement between them they were also paid off by him at his store but the reason for that was to facilitate all parties and to insure him payment of the credits which he had extended. This certainly did not have the effect of making him a partner in Albert N. Aucoin's syrup mill business.
The sale under which Joseph S. Aucoin acquired Albert N. Aucoin's interest in T. Aucoin Sons in 1923 was executed before a notary public on July 19th of that year. It was not recorded in the conveyance records however until June 8, 1940, after this suit had been filed. This apparently gave rise to suspicion on the part of plaintiff and his counsel who contend further that certain sales of property and the granting of certain oil leases by T. Aucoin Sons in 1924 and 1938 disprove the claim that that partnership no longer exists. It is noted, however, that the notarial act of July 19, 1923, contains no description of any property. It seems clear to us that it was not meant or intended to be a conveyance of real property from one of the parties to the *Page 195 
other but was clearly a settlement and liquidation of a partnership or some other business between them which the evidence discloses was the former mercantile business originally organized by their father, Theodule Aucoin, and an acquisition by Joseph S. Aucoin of Albert N. Aucoin's interest therein.
The testimony otherwise shows that there was absolutely no relation of employer and employee between Joseph S. Aucoin and the plaintiff or any other relation out of which the former could be held liable to the latter for compensation or for damages in any manner growing out of the accident which forms the basis of his demand.
The defendant Albert N. Aucoin did not appeal from the judgment as rendered against him and neither did he answer the appeal taken by the plaintiff. All other defenses raised by him therefore, and which were rejected by the judgment of the lower court, cannot be considered on this appeal. An appellee may, without appeal on his part, answer the appeal taken by the appellant and pray for a reversal of the judgment on the points which he thinks were wrongly sustained. Code of Practice Article 888. "But if the appellee, on the appeal of the other party, neglect to pray that the judgment be reversed on those points which are prejudicial to him, he shall not afterwards be allowed to appeal, but the judgment shall remain irrevocable for or against him." Code of Practice Article 889.
It seems obvious that in handing down his decree, the district judge overlooked that part of the prayer of plaintiff's petition demanding interest at the rate of 5 per cent. per annum on each deferred payment of compensation from the date it became due, until paid. Plaintiff is clearly entitled to interest as prayed for by him.
Plaintiff is also entitled to a decree in favor of his attorneys fixing the amount of the fee due them under the contract agreed upon between them and as set out in his petition. Under the statute itself, the fee cannot exceed 20 per cent. of the amount of the award and in no case shall the maximum fee exceed $1,000. See section 21 of Act No. 85 of 1926, p. 123. Dart's Revised Statutes, Section 4411.
The judgment also erroneously taxed the plaintiff with one-half of the court costs as he had been granted an order to prosecute his suit in forma pauperis under the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918, and he is prosecuting this appeal under the benefit of the same provisions of law.
It becomes necessary therefore for us to amend the judgment in those respects just pointed out and it is for the reasons stated herein, now ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by awarding the plaintiff interest at the rate of 5 per cent. per annum on each of the deferred payments of compensation due him from the date that each became due, until paid, by further decreeing that plaintiff's attorneys herein, J.Y. Gilmore and Charles E. Fernandez, be awarded 20 per cent. of the amount of the award recovered by the plaintiff as their fee under their contract of employment with the said plaintiff, and further that the costs of this proceeding both in the lower court and on this appeal be paid by the defendant Albert N. Aucoin, and as thus amended, that the said judgment be affirmed.