The plaintiff, Mrs. Hazel Baker, has filed an application for rehearing, contending that the Court erred in its decision in the following respects: (1) That the Court erred in disregarding the conclusions of the District Judge on the question of credibility of witnesses; (2) that the court erred as a matter of law in holding that the plaintiff had the burden of proving to a legal certainty that she was free from contributory negligence; and (3) that the Court erred in failing to give consideration to, and in failing to discuss the doctrine of last clear chance, and in failing to apply said doctrine of last clear chance in favor of plaintiff. In connection with her application, the plaintiff has filed a memorandum in support thereof and prays that after a rehearing be granted that the judgment of the District Court be amended by increasing the amount of the award from $1,379.50 to the sum of $1,879.50, and as thus amended, that the judgment be affirmed.
In a supplemental memorandum plaintiff also points out that since this suit was prosecuted by her in forma pauperis, under proper authority of the District Court, this court should grant a rehearing to correct the error committed in ordering plaintiff to pay costs of court.
With reference to the first assignment of error, we fully agree, of course, with the contention of plaintiff that an appellate court should not reverse a lower court on a finding of fact, unless in the opinion of the appellate court there was manifest error in such finding of fact. In this particular case, the District Court did not favor us with any written reasons for his judgment, and we cannot therefore say how he arrived at his conclusion as expressed in his judgment, nor can we tell how much weight he gave to any particular testimony. We do feel that it is not only the right, but also the duty of this court to review the full record to determine whether or not the trial court's conclusion was correct. We cannot agree with plaintiff's present contention that we must accept the credibility of plaintiff's witnesses and reject the credibility of defendant's witnesses, because the trial judge before whom they *Page 759 
testified, by implication, must necessarily have done this. It is true, as pointed out by plaintiff in her application and memorandum, that the trial court is in a better position than we to determine the credibility of witnesses, but in this particular case it does not appear to us, after a thorough consideration of the record, and after reconsideration on this application, that the trial court considered the circumstances set forth in our decision, and from these circumstances it was, and is, our opinion that plaintiff entered the intersection when the traffic light was yellow and that she proceeded without regard for traffic in the intersection and without keeping a proper lookout therefor.
With reference to the second assignment of error, possibly counsel for plaintiff has made out a case by quoting an excerpt from our decision that we held that plaintiff had the burden of proving, to a legal certainty, that she was free from contributory negligence, although we feel that a reading of the whole paragraph with reference to contributory negligence does not show any such conclusion on our part, and, in any event, we certainly are in agreement with counsel's contention that it is fundamental that plaintiff does not have such burden of proof. The conclusion which we reached after a thorough consideration of the record, and which we adhere to upon reconsideration, is that the evidence shows that plaintiff was guilty of contributory negligence in entering the intersection before the green signal, without regard for traffic, without keeping a proper lookout, and at an accelerated speed. In other words, it is our conclusion that the evidence does not show that the negligence of Collins was the sole cause of the accident, but on the other hand shows that the accident was caused by the combined negligence of Collins and Mrs. Baker, the plaintiff.
With reference to the third assignment of error, to-wit, failure to give consideration to the doctrine of last clear chance, we did not discuss this question in our decision, for the reason, as frankly admitted by plaintiff in her application, that this alternative contention was not urged before us in plaintiff's original brief. We did give consideration to the doctrine, but in view of the fact that we reached the conclusion that both the plaintiff and Collins were guilty of negligence in the manner in which they entered the intersection and the further conclusion that they arrived at the point where the collision occurred at about the same time, when neither could extricate himself or herself from the emergency created by their combined negligence, the doctrine of last clear chance did not apply. After reconsideration, we adhere to the conclusion that neither plaintiff Baker, nor Collins, had a last clear chance of avoiding the collision.
We agree with the contention of plaintiff that our judgment should not have provided for the payment of costs by plaintiff, for the reason that the suit is one in forma pauperis, but it is not necessary to grant a rehearing on this, as it is now hereby ordered that our judgment be amended by striking out that part which condemns plaintiff to pay costs.
Rehearing denied.