HARDY, Judge.
This is an action in tort by plaintiffs, James Leo Cook and Della Mae Cook, husband and wife, seeking the recovery of damages for the death of their fourteen month old daughter, Connie Sue Cook. Defendants are Sim Roberts Scarborough, driver of the truck which accidentally ran over and killed the little child, and his insurer, Manufacturers Casualty Insurance Company. After trial there was judgment in favor of plaintiffs and against the defendants in solido in the sum of $5,000, which was the extent of liability under the policy of insurance in force and effect, and against the defendant, Scarborough, in an additional sum of $1,000, from which judgment both defendants have appealed.
The accident which is the basis of the suit occurred between 12 o’clock noon and 1:00 P.M. on July 27, 1953, on a dirt road in a rural section of Union Parish at a point directly in front of the home of L. T. Snell, father of the plaintiff, Della Mae Cook. The Snell house is located to the north and about seventy-five feet back from the roadway. There is a yard fence and gate approximately halfway between the house and the road. The defendant, Scarborough, who is a first cousin of plaintiff, Della Mae Cook, lives at the dead end of the road, only a short distance from the Snell home. The Snell and Scarborough houses are the only habitations on this road.
At about the time designated Scarborough was driving to his home in a li^-ton pick-up truck. As he approached the Snell house he saw a group of some eight or nine children playing in the roadway. Little Connie Sue Cook at the time was in the yard of the Snell premises well off of the road. Scarborough brought his truck, which was headed west, to a complete stop,, and engaged in conversation with young Adolphus Snell, seventeen years of age, a brother of plaintiff, Della Mae Cook. Scarborough got out of his truck, walked around to the rear of the vehicle, and, after a few minutes talk with Adolphus, prepared to ■ resume his trip home. During the time in which Scarborough and young Adolphus *561 Snell were talking some of the children climbed up onto the truck. When Scarborough prepared to leave he ordered the children off the truck, helped some of them down to the ground, told them to stay clear of' the truck, walked around the left side of the vehicle, took his seat in the cab, looked into his rear view mirror, observing the children all gathered behind Adolphus Snell and clear of the back end of the truck, and thereupon put the truck slowly into forward motion. This defendant testified that he felt a slight bump of the right rear wheel passing over some object, at which time the children were screaming, and that after moving slowly for a few feet he saw in the mirror the body of little Connie Sue Cook in the roadway. Scarborough stopped his truck, jumped out, ran to the child, picked her up in his arms, went first to the porch of the Snell house, where he was joined by his wife who had apparently been attracted by the screams of the children and had rushed from their home to the Snell house and then proceeded, accompanied by his wife, to take the child in his truck to the nearest clinic, some eight or ten miles distant. Little Connie Sue Cook died en route to the clinic.
Immediately before and at the time of the accident Connie Sue’s mother was in the Snell house and knew nothing of the tragedy until after its occurrence.
These are the facts, which, in our opinion, were established without question by the only two eyewitnesses who testified on trial of the case — Adolphus Snell and the defendant, Scarborough. .
There is no dispute as to the law involved for, concededly, the defendant Scarborough, operating a motor vehicle in and about a group of children, must be held to the exercise of the highest degree of care in order to avoid the penalty of negligence. This was particularly true under the circumstances by reason of the fact that the majority of the children were of tender age, only one of the entire group of ten, aside from Adolphus Snell, being above the age of ten years.
Only one question is presented, namely: Was the defendant, Sim Roberts Scarborough, guilty of any negligence?
The answer to this question must be determined by a resolution of the facts involved.
As we have noted, the only witnesses to the tragic accident who testified on trial were the defendant and Adolphus Snell, an apparently mature and intelligent seventeen year old youth, who was at the time, according to his own testimony, “looking after” the younger children. There is not the slightest conflict in the testimony of these witnesses, and both testified that at the time Scarborough walked from the rear around the left side of the truck and took his seat in the cab Connie Sue Cook was standing with the children behind Adolphus Snell at the rear of the truck. In our opinion this testimony conclusively disposes of the factual issue involved and completely exonerates the defendant, Scarborough, of any negligence whatsoever.
Counsel for plaintiffs urgently argues that the deceased child was never at the rear of -the truck while Mr. Scarborough was there, but this is an argument which, though sincerely urged, does violence to the established facts, a point which we think was unconsciously recognized by counsel when, in brief, he made the following statement:
“Regardless of the testimony that might indicate otherwise, we are convinced that the deceased child was never at the rear of the truck while Mr. Scarborough was there, but to the contrary, was attempting to get on the truck, or the fender, at the same time the other children on the back and opposite side were on it, and had Mr. Scarborough looked on that side of the truck, he would have found this small child on the fender when he made the other children get off, or helped them off, of the rear and south side of the truck. To our minds, his failure to do this, or to even look on that side of the truck next to the house, was the grossest kind of negligence in view of the *562 number of children, and their ages, that had gathered around the truck and him.” (Emphasis supplied.)
The above quotation epitomizes the entire burden of counsel’s argument, and while, as stated above, we concede his sincerity, we are regretfully impelled to quite a different conclusion. Counsel’s argument is clearly predicated upon a belief that has no factual support in the record and must therefore be considered as the purest speculation.
We cannot conceive what purpose would have been served by an examination of the right side of the truck by its driver, the defendant Scarborough, when all of the children, and specifically the unfortunate little Connie Sue Cook, were in a place of safety at the rear of the truck. How.the little child reached the position of danger which resulted in her death is not established, for Adolphus Snell testified quite frankly that he did not see her move around to the right side of the standing vehicle. But we do know from the testimony, beyond any possible question, that the child must have moved in the slight intervál of time between Scarborough’s observation in the rear view mirror and the starting of the motor and the beginning of the forward motion of the truck. According to the testimony of the mother, although the child was only fourteen months of age she had been walking since the age of seven months.
As we have tried to point out, the only ground for a finding of negligence on the part of Scarborough lies in the charge that he failed to walk around the right side of the truck before entering the cab and starting the vehicle forward. Clearly this would have been a vain, futile and useless act.
Repeated and thorough examination of the testimony fails to support in even the slightest degree any finding of negligence, and, to the contrary, we are impressed with the precautions taken by the defendant. The conclusion that the judgment is manifestly erroneous is inescapable.
For the reasons assigned, the judgment appealed from is reversed and set aside and there is now judgment in favor of defendants, Sim Roberts Scarborough and Manufacturers Casualty Insurance Company, rejecting plaintiffs’ demands. The suit having been filed and prosecuted in forma pauperis, no costs are assessed.