HARDY, Judge.
This is a suit for compensation in which plaintiff, Elige Hicks, claims total permanent disability and seeks recovery from his employer and the insurer as parties defendant. From judgment rejecting his demands plaintiff has appealed.
Plaintiff, a negro laborer 65 years of age, while employed as a brick tender for W. A. Gray Construction Company, fell from a scaffold located on a construction job in Bossier City, Louisiana, on March 16, 1953, sustaining injuries which he claims to have 'been permanently and totally disabling. The specific injuries are set forth in plaintiff’s petition as being:
"a severe sprain of the lumbo-sacral region of his back; sprain of his right hand and the fingers thereof and a fracture of the radius of his right arm.”
There is no question as to the occurrence of the accident and the resultant injuries *523 involving a sprain of the right hand and a fracture of the radius of the right arm. However, the overwhelming preponderance of the testimony establishes complete recovery from these injuries and no contention of continuing disability resulting therefrom has been made before this court. The sole issue tendered by this appeal is factual in nature and concerns the existence of the alleged back injury resulting from the accident, which admittedly occurred in the course of plaintiff’s employment.
Plaintiff testified that he fell from a scaffold which he variously estimated as being from ten to twelve feet in height. This testimony is squarely contradicted by the defendant employer’s superintendent of construction to whom plaintiff reported his accident and injury immediately after its occurrence, and who fixed the height of the scaffold as being fifty-six inches. At this time plaintiff made no mention of any back injury, nor did he complain of any injury to the back when he reported to Dr. Cassidy, a general practitioner, of some fifty years experience, for treatment of the broken arm. Although he made no mention of a back injury in his report to plaintiff’s employer, Dr. Cassidy testified that plaintiff did complain of trouble with his back and fixed the date of the beginning of treatment for this complaint as being July 7th, which was almost four months after the accident.
The other medical witnesses were Dr. T. M. Oxford, an orthopedic specialist, for plaintiff, who examined plaintiff October 16, 1953; Dr. James H. Eddy, a surgeon, who examined plaintiff on June 15th and on October 5, 1953; and Dr. Gene D. Caldwell, an orthopedic surgeon, who examined plaintiff on the 5th and 24th of November, 1953, both of whom testified on behalf of defendants.
The testimony of the last three named medical experts is in somewhat surprising agreement and their findings indicate that the only back trouble from which plaintiff suffered was the result of hyper-trophic arthritis, which was a natural condition in a man of plaintiff’s age who had engaged in ordinary manual labor the greater part of his life, and which condition none of the experts could identify as resulting from the accident. It is noted that plaintiff’s witness, Dr. Oxford, testified that plaintiff had the arthritic changes before the injury. In the opinion of this witness the most that could be said was that recovery from the accident was somewhat delayed by reason of such changes.' 'However, the witness testified that in his opinion plaintiff was able to return to his former occupation at the time of his examination.
The testimony of Drs. Caldwell and Eddy is convincing on the point that they found no evidence of a connection between the accident and the arthritic condition of plaintiff’s back, nor did they find any reason why plaintiff could not return to his former occupation. It is also significant that both of these witnesses noted that plaintiff failed to complain to them, on first presenting himself for their respective examinations, of any back injury. Dr. Eddy stated in his report, and testified, that plaintiff’s complaint of back trouble appeared to be an evident afterthought., This point is even more strikingly brought out in connection with Dr. Caldwell’s examination since it is established by the doctor’s testimony that his second examination on November 24th was necessitated because plaintiff failed to complain of any back injury during the examination made on November 5th.
We think it is conclusively indicated by the testimony in the record that plaintiff has completely failed to establish a causal connection between the accident of March 16th and any back injury which causes pain and discomfort. It is noted in connection with the judgment rejecting plaintiff’s demands, from which he has appealed, that costs were taxed against plaintiff. Since plaintiff’s action was prosecuted in forma pauperis, it is proper that this inadvertent error should be corrected on appeal, and, accordingly, it is ordered that the judgment be amended by eliminating the judgment for costs, and, as amended, the same is affirmed.