AYRES, Judge.
This is a suit brought under the Workmen’s Compensation Statute, LSA-R.S. 23 :- 1021 et seq., in which plaintiff claims compensation for total permanent disability resulting from an accident allegedly occur *29 ring September 24, 1953. In his original petition plaintiff recited the details of the accident, which allegedly occurred on said date when plaintiff, in the course and scope of his employment, was engaged in carrying a half of beef weighing approximately 190 pounds and, in so doing, suffered an accident when he stumbled over other merchandise on the floor of the building where employed, causing the weight of his load to shift and allegedly twisting and injuring his back. The petition recited the diagnosis of his disability as being a sprain of the ligaments and muscles of the lower left side of the back, inflammation of the joints and muscles of the thoracic spinal region of the back, or an aggravation thereof, and osteoarthritis of the thoracic spinal region, resulting directly from or aggravated by the aforesaid accident.
Plaintiff’s original petition was filed September 23, 1954. On September 29, 1954, a supplemental and amended petition was filed in which plaintiff enlarged upon his averments of disability by the allegation that the injuries described caused or contributed to an unreasonably high blood pressure, hardening of the arteries and a breakdown of the heart and kidneys, or an aggravation thereof.
Defendants filed an original and amended exception or plea of prescription of one year and peremption of two years under the provisions of LSA-R.S. 23:1209, which reads as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
As a basis for this claim, defendant affirmatively alleged that the accident upon which plaintiff relies for recovery occurred on September 1, 1953, instead of, as alleged by plaintiff, on September 24, 1953, and that, therefore, more than one year elapsed after the occurrence of said accident before this action was filed, and that the cause of plaintiff’s disability, if any, is the result of a preexisting condition of hypertension and heart ailment ensuing on October 30, 1951, more than two years prior to the filing of this suit. These pleas were tried and on trial sustained, and from a judgment accordingly dismissing plaintiff’s suit, he has appealed.
In support of the facts alleged in these pleas, defendant offered the testimony of several witnesses, the first of whom was M. P. Burkhalter, superintendent of the sales unit of the local establishment of Swift & Company, where the accident allegedly happened. Burkhalter testified that plaintiff advised him that he was injured either on August 31 or September 1, 1953, after, and in connection with which, an accident report was filled out and signed September 24, 1953. The report details the accident as occurring in a manner substantially as alleged in plaintiff’s petition. The report signed by plaintiff specifies that the accident occurred on August 31, 1953, which Burkhalter testified was completed from information given him at the time by the plaintiff and in plaintiff’s presence.
The testimony of Rudolph Kinney was next offered. He is employed as an admitting clerk for colored patients at the S. W. Boyce Clinic. Kinney testified, and the record kept by him shows, that plaintiff on his admission to the clinic gave information that he was injured September 1, 1953.
*30 Dr. Boyce, who treated plaintiff, likewise testified that plaintiff reported he was injured September 1, 1953, while carrying a piece of meat. Plaintiff was admitted to the Boyce Clinic September 24, 1953.
Plaintiff called his wife as a witness and she testified that her husband was injured in 1953, and that while she didn’t remember the exact date, she supposed it was in September. She was unshaken, however, in her testimony that it was about three weeks after plaintiff was injured before he went to the doctor.
The records kept by the admitting clerk at the Boyce Clinic and that of the report of the accident made by defendant’s superintendent were made approximately a year before the suit was filed, at a time unsus-picious and when neither party had any knowledge or showed any anticipation of the likelihood of a future suit for workmen’s compensation. Plaintiff continued to work until the time he submitted himself to Dr. Boyce for treatment on September 24, 1953.
Under the clear provisions of the statute, it is evident that the plea of prescription of one year should be sustained, unless the tolling of this prescription has been interrupted or suspended.
Plaintiff further contends that during April, May and June, 1954, he was paid full wages for a period of ten or eleven weeks, during which time he was performing no work of any kind or character. His position on this is that such payments were in lieu of compensation and interrupted the running of prescription. These payments followed examinations and treatment of plaintiff by Dr. Boyce during or immediately following that time, who found plaintiff suffering with high blood pressure, heart and kidney diseases, which, in his opinion, were in no way connected with or caused by the accident. Such physical conditions were brought about and due entirely in the doctor’s opinion to old age. On account of this illness, however, according to Dr. Boyce, plaintiff was permanently and totally disabled, the status of which was reported to the employer on two occasions, first, on April 23, 1954, and then on June 8, 1954.
In accordance with a policy of the employer, plaintiff was paid full wages for the period specified as for sick benefits and not as compensation. There is no showing of any intention on the part of the employer to the effect that such payments were in lieu of compensation as for an accidental injury. In the absence of some agreement or understanding between the parties to that effect, such payments are not considered in lieu of compensation payments. It was so held recently by this court in Wallace v. Remington-Rand, Inc., 76 So.2d 87, 90, wherein it was stated:
“The weight of authority in our courts is to the effect that where the employer is aware his employee is suffering from a compensable injury and retains the employee on the same job with regular wages but assigns to him the performance of lighter duties, such knowledge and action considered alone, do not bring about an interruption or suspension of the statutory bar to filing a suit within the prescribed year. This is so because there is no agreement, understanding or relationship from which it can be implied that the payments so made shall take the place of compensation. The statute, LSA-R.S. 23:1209, liberally construed requires that in order to constitute an interruption of the prescription there must at least be an implied understanding between the interested parties that the payments made to the employee shall be in lieu of compensation. Brister v. Wray-Dickinson Co., Inc., La.App., 1935, 159 So. 430; Id., 183 La. 562, 164 So. 415; Irwin v. Oakes, La.App., 1942, 6 So.2d 49.”
In making such payments, it not being the intention that they constitute payment of compensation or payments in lieu thereof, the running of prescription on plaintiff’s claim was not interrupted.
Plaintiff further contends that by a second accident of April or May, 1954, he *31 was further disabled on account of the condition of his blood pressure, heart and kidneys, which conditions are referred to here-inabove, and that the injuries from the accident of September, 1953, contributed to the accident of 1954 and to the effects or injuries produced thereby. We fail to find in the pleadings or record any allegations or proof of the occurrence of an accident during such period. Moreover, as stated here-inabove, plaintiff’s illness, due to the condition of the heart and kidneys reported by Dr. Boyce in his April and June reports, was not in his opinion due to any accident whatsoever. The contention that the suit was timely filed inasmuch as the conditions above referred to did not manifest themselves until 1954 is without merit. Dr. Boyce, from his first examination of plaintiff on October 30, 1951, testified that at that time plaintiff was suffering with high blood pressure and Bright’s Disease. Therefore, if it could be said that the diseased conditions of the heart and kidneys were due to an accident, they could not have been brought on or induced by the accident of 1953 inasmuch as such conditions existed in 1951. Such conditions manifesting themselves more than two years previous to.the filing of the suit, the two year period of peremption would necessarily apply.
We are persuaded that' plaintiff’s rights must be determined upon the basis of the facts alleged in his original and supplemental petitions, which were based on the alleged accident of September 24, 1953. Since the evidence established the occurrence of the accident as of either August 31, 1953, or September 1, 1953, it necessarily follows that the action had prescribed before the filing of the petition on September 23,1954.
The judgments maintaining the pleas are, in our opinion, correct and will be sustained.
We note, however, that in accord-anee with LSA-R.S. 13:4525, plaintiff by appropriate order was relieved of the payment of costs or the giving of security therefor. The judgment dismissing this suit at his costs is, therefore, erroneous in that respect and will be amended accordingly.
For the reasons herein assigned, the judgment appealed is amended by striking out the phrase “at his costs,” thereby relieving plaintiff from the payment of costs, and, as thus amended, is affirmed.
Amended and affirmed.