86 So.2d 183

**Hurb HICKS**

v.

**ROYAL INDEMNITY COMPANY.**

**In re Hurb Hicks applying for certiorari to the Court of Appeal, Parish of Orleans.**

**No. 42516.**

Feb. 20, 1956.

James O. Manning, New Orleans, for applicant.

Bienvenu & Culver, New Orleans, for respondent.

SIMON, Justice.

Plaintiff filed suit alleging permanent and total disability as a result of an injury suffered by him in the course of his employment on April 2, 1951, and sought compensation under our Louisiana Workmen's Compensation Act. LSA–R.S. 23:1021 et seq. Defendant resisted the demand, denying the disability complained of. After a trial on the merits in the district court, judgment was rendered in favor of plaintiff for workmen's compensation in the sum of $30 per week for a period not exceeding 400 weeks, or $12,000, less compensation heretofore paid.

The district court's judgment was reversed on appeal by the Orleans Circuit Court of Appeal, and plaintiff's suit was dismissed at his cost. Whereupon plaintiff applied to this court for writs to review the final holding of the Court of Appeal.

We found no manifest error in the judgment so reviewed, both on the facts and on the law applicable. However, we observed that the judgment of the Court of Appeal condemned plaintiff to pay the court costs, notwithstanding that plaintiff had instituted and prosecuted his suit under the provisions of LSA–R.S. 13:4525, the Louisiana forma pauperis statute; and accordingly we granted writs of certiorari restricted to the issue of costs.

Under LSA–R.S. 13:4525 any citizen of this state may prosecute and defend in all trial and appellate courts all actions to which he may be a party, whether as plaintiff, intervenor, third opponent or defendant, without the payment of cost or giving bond therefor, inclusive of the right of prosecuting appeals. This salutary statute is amenable to any citizen, and in the exercise of the privilege herein granted he is only required to file with his petition his own affidavit declaring his poverty which prevents him from paying the costs or giving bond, together with a supporting affidavit of a third person who personally knows the financial condition of the applicant. After inquiry, the judge is authorized to enter an order permitting the relief applied for.

The record shows that plaintiff fully complied with the requirements of the statute, and that the district judge ordered the

filing and prosecution of the suit thereunder.

In Causey v. Opelousas-St. Landry Securities Co., 192 La. 677, 188 So. 739, on application for rehearing we appended a per curiam holding that since plaintiff had instituted the suits in forma pauperis, the original judgment should be amended to the extent that plaintiff should not be condemned to pay the cost. Stringer v. Brown Paper Mill Co., 224 La. 964, 71 So.2d 343; Hicks v. Continental Casualty Co., La.App., 1955, 75 So.2d 522; Bigham v. Swift & Co., La.App.1955, 81 So.2d 28.

We necessarily conclude that the Orleans Circuit Court of Appeal was in error, and we therefore amend the judgment rendered by it so as to relieve the plaintiff from the payment of costs.

Accordingly, for the reasons assigned, the judgment of the Court of Appeal is hereby amended, relieving plaintiff of paying the costs taxed in this suit.