On Application for Rehearing
JANVIER, Judge.
In an application for rehearing counsel for plaintiffs, among other complaints at our opinion and' decree, suggest that we were manifestly in error in affirming the judgment appealed from at least insofar as it required plaintiff to pay costs and that we should have reversed the judgment to that extent since the suit was filed in forma pauperis under authority of Section 1 of Act 156 of 1912, as amended by Act 260 of 1918 and by Act 421 of 1938, now LSA-R.S. 13:4525.
It is true that in many decisions in this State, and particularly in the case of Causey v. Opelousas-St. Landry Securities Co., Inc., 192 La. 677, 188 So. 739, and in Hicks v. Royal Indemnity Company, 229 La. 536, 86 So.2d 183, decisions of our Supreme Court, it has been said that it is erroneous to tax costs against an unsuccessful plaintiff who has brought his suit under the “Pauper Act.” In fact, in many cases appellate courts first did what we have done in this case, that is, assessed costs against the unsuccessful plaintiff, and then, on application for rehearing, or spontaneously, said that they were in error in doing so. For instance, the Supreme Court, in the Causey case, having dismissed the suit of the plaintiff who appeared in forma pauperis and having taxed the costs against the plaintiff, on-considering an application for rehearing said [192 La. 677, 188 So. 739]:
“In our original decree we inadvertently cast plaintiff in costs. The record discloses that plaintiff instituted the suit in forma pauperis; hence the plaintiff should not be condemned to pay the costs. Our decree is accordingly amended by striking therefrom the requirement that plaintiff pay all costs.”
And very recently, in Hicks v. Royal Indemnity Company, supra, in which we had held that the unsuccessful pauper plaintiff should pay costs, 80 So.2d 553, the Supreme Court granted a writ of certiorari, and, finding no error in our opinion and decree except in that we had condemned *562 the plaintiff to pay costs, said [229 La. 536, 86 So.2d 184]:
“We necessarily conclude that the Orleans Circuit Court of Appeal was in error, and we therefore amend the judgment rendered by it so as to relieve the plaintiff from the payment of costs.”
In Stringer v. Brown Paper Mill Co., Inc., 224 La. 964, 71 So.2d 343, 344, though the Supreme Court did not ultimately pass upon the question, it made the following statement:
“We granted certiorari primarily because it appeared that the Court of Appeal erred in awarding a judgment against plaintiff for all costs notwithstanding that he had sued in forma pauperis.”
In Williams v. Continental Life Insurance Co., La.App., 149 So. 150, 151, the Court said:
“ * * * This suit was filed under the statute (Act No. 156 of 1912, as amended by Act No. 260 of 1918), authorizing the filing and prosecution of suits in forma pauperis, and plaintiff therefore cannot be adjudged to pay the costs of court.”
In Seaux v. G. B. Zigler Co., La.App., 183 So. 564, 567, the Court noted “that the judgment imposes the costs on the plaintiff although it appears that under an order previously granted he had been permitted to prosecute his suit under the benefit of the pauper act,” and the Court said:
“To that extent, the judgment may be said to be in error, and it is therefore amended by eliminating .the costs with which the plaintiff was cast; * * ”
In Fryou v. T. Aucoin & Sons, La.App., 5 So.2d 193, 195, the Court found that:
“The judgment also erroneously taxed the plaintiff with one-half of the court costs as he had been granted an order to prosecute his suit in forma pauperis under the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918, and he is prosecuting this appeal under the benefit of the same provisions of law.”
In Baker v. Travelers Insurance Co., La. App., 13 So.2d 758, 759, the Court held that the unsuccessful plaintiff should not have been cast for costs saying:
“We agree with the contention of plaintiff that our judgment should not have provided for the payment of costs by plaintiff, for the reason that the suit is one in forma pauperis, but it is not necessary to grant a rehearing on this, as it is now hereby ordered that our judgment be amended by striking out that part which condemns plaintiff to pay costs.”
In Gordon v. Pittman, 61 So.2d 609, 613, the appellate court reversed a judgment which had been in favor of plaintiff and dismissed the suit at the cost of plaintiff. Then, on application for rehearing, the Court said :
“The plaintiff, in his application, has called to our attention the fact that this suit was filed ‘in forma pauperis’, and that we erroneously dismissed his suit at his cost. Our decree is amended by striking out the phrase ‘at his cost.’ ”
In Husser v. Butler, La.App., 71 So.2d 405, 408, we find the following statement:
“The plaintiffs having obtained an order after trial of the case to prosecute it in forma pauperis, as well as to prosecute the appeal in this court without the payment of costs, the judgment will be amended to relieve the plaintiffs of payment of costs in the case.”
In Cook v. Scarborough, La.App., 72 So. 2d 560, 562, the Court said:
“ * * * The suit having been filed and prosecuted in forma pauperis, no costs are-assessed.”
*563 In Hicks v. Continental Casualty Company, La.App., 75 So.2d 522, 523 appears the following:
“ * * * Since plaintiff’s action was prosecuted in forma pauperis, it is proper that this inadvertent error should be corrected on appeal, and, accordingly, it is ordered that the judgment be amended by eliminating the judgment for costs, and, as amended the same is affirmed.”
In Hollinquest v. Illinois Central Railroad Company, La.App., 76 So.2d 568, 572, the Court, citing Causey v. Opelousas-St. Landry Securities Co., Inc., supra, said:
“The suit having been instituted, filed and prosecuted pursuant to LSA-R.S. 13:4525, relieving the plaintiffs from the payment of costs or furnishing security therefor, the judgment condemning them for costs will necessarily have to be set aside. Causey v. Opelousas-St. Landry Securities Co., Inc., 192 La. 677, 188 So. 739.”
See also Green v. A. C. Campbell Const. Co., La.App., 78 So.2d 54; Bigham v. Swift & Co., La.App., 81 So.2d 28; Wade v. Calcasieu Paper Co., La.App., 82 So. 2d 117; Hammer v. Lazarone, La.App., 87 So.2d 765; and Williams v. Travelers Insurance Co., La.App., 88 So.2d 727.
In spite of these many decisions and with all deference to the Supreme Court, we timidly suggest that unless we have completely overlooked some controlling decision to the contrary or some possible amendment to Section 4 of the Forma Pauperis Statute, Act 156 of 1912, as amended, LSA-R.S. 13:4528, there is no authority for holding that a plaintiff who is unsuccessful in a suit filed in forma pauperis must be relieved from liability for costs, which liability is usually placed upon the shoulders of the unsuccessful party.
Section 4 of the statute of 1912, which has not been amended by either of the two statutes which amended section 1, Act 260 of 1918 and Act 421 of 1938, reads as follows:
“If the litigant exercising the privilege granted by R.S. 13:4525 through 13 :4529 is cast, he shall be condemned to pay the costs incurred by him and the costs recoverable by the other parties to the action.”
We find that the Supreme Court itself fourteen years before its decision in the Causey case, in White v. Walker, 136 La. 464, 67 So. 332, 333, in considering the constitutionality vel non of the statute of 1912 referred to section 4, saying:
“ * * * The fourth section of the act provides that, if judgment be rendered against a litigant who has availed himself of the privilege granted by the act, he shall be condemned to pay the costs incurred by him and recoverable by the other parties to the suit.”
In Fulton Bag & Cotton Mills v. Fernandez, 165 So. 476, 477 we discussed the statute, No. 156 of 1912, and quoted what we had previously said in Singleton v. First National Life Ins. Co., 157 So. 620, as follows:
“It must be borne in mind that the statute does not entirely relieve the payment of costs, but only postpones payment until final determination of the cause. It is a moratorium. In White v. Walker, 136 La. 464, 67 So. 332, 333, the court said:
“ ‘This statute does not relieve a pauper citizen of this state of the obligation to pay costs. The fourth section of the act provides that, if judgment be rendered against a litigant who has availed himself of the privilege granted by the act, he shall be condemned to pay the costs incurred by him and recoverable by the other parties to the suit.
“ ‘Hence the statute only relieves pauper citizens of this state of the obligation of paying court costs in advance or as they accrue or furnishing bond and security for such costs..’ ”
*564 Strangely enough the Supreme Court itself, in Jackson v. Hart, 192 La. 1068, 190 So. 220, 223, called attention to Section 4 of the statute of 1912 and stated that the act as a whole created an exception in favor of a pauper litigant to the usual rule requiring the payment of costs in that it permitted him to litigate without the prior or current payment of costs, but direct attention to the proviso “that should he be cast he shall be condemned for costs.”
We think it interesting to note that even section 1 of the statute, now LSA-R.S. 13:4525, does not permanently relieve the plaintiff in forma pauperis from liability for costs but merely provides that the plaintiff in forma pauperis may prosecute the action “without previous or current payment of costs.” (Emphasis ours.) This language, even without section 4, which is LSA-R.S. 13:4528, would make it doubtful that the Legislature intended to do more than temporarily relieve the pauper plaintiff from paying the costs, that is, previously or currently, and, by implication, would necessarily mean that at the termination of the case the unsuccessful party, even if a pauper plaintiff, might he required to pay costs.
But if the meaning of section 1 could be said to be ambiguous the ambiguity is entirely removed when we read ' section 4 which unequivocally provides that, if the pauper plaintiff is unsuccessful, he shall be condemned to pay the costs.
In 1 Louisiana Law Review, at page 795, in an article entitled “Civil Suits in Forma Pauperis”, the author, often quoting section 4 of the Act of 1912, says:
“In several cases the courts have inferred that the unsuccessful litigant in forma pauperis is liable for the costs. A literal reading of section 4 would seem to indicate that these decisions are correct.”
We repeat that the doctrine, that an unsuccessful plaintiff in forma pauperis may not be required to pay costs either in advance or ever, seems to be so well established that we hesitate to express the view that that doctrine is not well founded, and we repeat also that we experience tremendous timidity in suggesting that in all of those cases and particularly in the Causey case, Hicks v. Royal Indemnity Company, supra, and Stringer v. Brown Paper Mill Co., Inc., supra, section 4 of the act was overlooked. Nevertheless, we think that it has been overlooked and we feel that its application requires that such a plaintiff should be required to pay his own costs and the “costs recoverable by the other parties to the action.”
Our conclusion that heretofore Section 4 of the act of 1912 has been so often overlooked is largely based on the fact that in not one of the fourteen cited decisions of Courts of Appeal in which it was held that a pauper plaintiff could not be condemned for costs, was Section 4 even referred to, whereas in the four cases cited, White v. Walker, 136 La. 464, 67 So. 332, Singleton v. First National Life Insurance Co., La. App., 157 So. 620, Fulton Bag & Cotton Mills v. Fernandez, La.App., 165 So. 476, and Jackson v. Hart, 192 La. 1068, 190 So. 220, in which Section 4 was referred to, it was held that, as a result of that section, an unsuccessful pauper plaintiff must be condemned for costs.
Just how a successful defendant and others to whom costs may be due shall collect those costs from an unsuccessful “pauper” plaintiff is a problem which we are not required to solve. The author of the article just referred to in Louisiana Law Review recognizes this problem and says:
“Just what procedure is used to enforce this obligation on the part of the pauper and how long it would endure have never been discussed in a reported case.”
The rehearing applied for is refused.
Rehearing refused.