157 So. 391

Succession of WOLFE.

No. 33044.

Oct. 29, 1934.

Thomas Arthur Edwards, of Lake Charles, for Henry Wolfe.

Gaston L. Porterie, Atty. Gen., and S. W. Plauche, Sp. Atty. Gen. (J. E. Bass, of Lake Charles, of counsel), for the State.

BRUNOT, Justice.

Henry Wolfe died intestate, leaving an estate consisting of $3,600.81, cash on deposit in the Calcasieu National Bank, and $29 in cash, in the hands of the attorney of St. Patrick Sanitarium.

Robert Trousdale, the undertaker, and a creditor of the succession, applied for letters of administration. It is alleged in his petition that the deceased left no heirs present in the state of Louisiana. The petition concludes with the usual prayer for the appointment of a notary and appraisers to make an inventory and appraisement of the property the deceased died possessed of.

Trousdale's application was opposed by Henry Wolfe, a resident of Cameron parish, La., who alleged himself to be a first cousin of the deceased, and also by Mrs. Rosa Smith, a resident of Calcasieu parish, who alleged that she was a second cousin of the deceased. Thereupon the state of Louisiana intervened in the proceedings. It alleged that the deceased died intestate, that he left no lawful descendants, ascendants, collateral relations, surviving spouse, or natural children, and that the state was entitled to the residue of the estate after the payment of the debts.

With all parties to the proceedings present in court, the issues presented by the application for administration and the oppositions thereto were tried, and a judgment was rendered thereon rejecting both oppositions and appointing Robert Trousdale administrator of the succession, upon his furnishing bond in the sum of $2,000.

A motion for a new trial was filed by opponent Wolfe. Thereafter he petitioned the

court for an order permitting him to prosecute the suit to final judgment pursuant to the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918. Wolfe's motion for a new trial was overruled; he was permitted to prosecute the suit as a pauper; and he was granted a suspensive and devolutive appeal from the judgment rejecting his opposition herein.

The state, through the Attorney General and its special counsel, has filed an original and a supplemental motion, in this court, to dismiss Wolfe's appeal. The supplemental motion merely corrects an error of fact alleged in the original motion; otherwise it is not important.

The motion to dismiss presents two questions: First, Is a strict compliance with the letter of Act No. 156 of 1912, as to the time the application shall be made and the affidavits shall be filed, necessary to entitle the applicant to the benefits of the act? Second, Is an applicant, who is authorized to sue in forma pauperis, entitled, under the law, to a suspensive appeal from an adverse judgment, without bond?

Act No. 156 of 1912 provides, in part, as follows:

"Section 2. Be it further enacted, etc., That *no person shall have the right to exercise the privilege herein granted unless he shall file with his petition, if a plaintiff, or with the first pleading he shall file*, as intervener or defendant, his own affidavit declaring that because of his poverty and want of means he is unable either to pay the costs of the case in advance or as they accrue or to give a bond for the payment of such costs,

and the affidavit of a third person declaring that he knows the party and knows his financial condition and that he firmly believes that the party is unable either to pay the costs of the cause in advance or as they accrue or to give bond for the payment of such costs," etc. (Italics by the court.)

The record discloses that appellant first filed and prosecuted to judgment an opposition to the application of a creditor of the succession for the administration thereof. He thereafter filed a motion for a new trial before filing his petition in forma pauperis.

■■ The courts have, in the interest of indigent litigants, given section 2 of Act No. 156 of 1912 a liberal interpretation, and the Legislature, by the passage of Act No. 165 of 1934, has made that interpretation the law of this state. This act provides that *any person shall have the right to exercise the privilege granted by the act upon the filing of his petition and affidavits at any time during the pendency of the suit, whether on appeal or otherwise.* (Italics by the court.)

It is true that Act No. 165 of 1934 did not become effective until approximately fifty days after appellant's petition in forma pauperis was filed in the district court, but, when it did become effective, this cause was pending on appeal, and the act contains the following specific provision:

"The privilege herein granted shall apply to causes presently pending before the courts."

Inasmuch as the provisions of the act apply to cases pending in the courts at the time of its passage, the petition in forma pauperis was filed in this suit timely.

■ Act No. 260 of 1918, amending Act No. 156 of 1912, § 1, provides as follows:

"Where a person coming under the provisions of this act has been granted the right to prosecute or defend, or intervene in an action in the courts of this state and such parties shall feel aggrieved by the judgment which may be rendered against him in such action, such party shall have the right *in cases where devolutive appeals are allowed by law*, to take and prosecute a devolutive appeal from such judgment, all without the previous payment of any court cost or the giving of a bond for court costs," etc. (Italics by the court.)

From a mere reading of the foregoing quotation from Act No. 260 of 1918, it is clear that appellant may lawfully prosecute his devolutive appeal, in forma pauperis, without the payment of costs or the giving of a bond therefor, because a devolutive appeal bond serves no other purpose than to secure the payment of court costs. This was the jurisprudence of the state prior to the passage of Act 260 of 1918, and that act did little more than to confirm by statute the then existing jurisprudence. See Beuhler v. Beuhler Realty Co., Inc., 155 La. 319, 99 So. 276, and the authorities therein cited in column 1, page 326, of 155 La., 99 So. 278.

A suspensive appeal without bond is, however, quite a different matter. There is no provision of law which authorizes the granting of a suspensive appeal without bond, and it is at variance with the well-established jurisprudence of this state.

For the foregoing reasons, the trial court erred in granting the appellant a suspensive appeal, without bond, from its judgment, and to that extent only the order of appeal is avoided and the motion to dismiss filed herein is maintained. No mention of costs is made because appellant is prosecuting his appeal in forma pauperis.