175 So. 37

**HARRISON v. JONES.**

No. 34381.

May 24, 1937.

Fink & Fink, of Monroe, for relator.

Berry & Berry, of Winnsboro, for respondent.

LAND, Justice.

Plaintiff filed suit in the Fifth district court for the parish of Franklin to recover certain compensation and medical expenses alleged to be due him by defendant under the Workmen's Compensation Law of the state (Act No. 20 of 1914, as amended).

Plaintiff alleges that he is a "roughneck," and while employed by defendant, an oil well driller, was injured in the course of his employment.

When suit was filed, plaintiff deposited $10 with the clerk of the Fifth district court to pay initial costs.

A rule was issued on defendant to show cause why plaintiff should not have judgment within the time fixed by law. On the day agreed upon for the trial of the rule, the clerk filed a motion requiring plaintiff to deposit with him security for the payment of costs.

The trial judge ordered plaintiff to deposit with the clerk a bond with good and solvent security in the sum of $100 to secure the payment of the costs of the suit.

Plaintiff then prepared and presented a petition to the trial judge for an order permitting him to proceed in forma pauperis. After reading the application, and without further proceedings, the trial judge stated from the bench that the order would not be granted for certain reasons then stated, and to be reviewed later on in this opinion.

The application of plaintiff to the trial judge to be permitted to proceed with the suit in forma pauperis is accompanied by affidavit signed by the plaintiff to the effect "that at the time the said suit was filed, your affiant was unable, because of his poverty and lack of means, to pay either the present or future costs of the said suit, or to post bond for same, but that he went out and borrowed the sum of Ten ($10.00) Dollars which he deposited *for the original costs of Court."*

"And that your affiant because of his poverty and lack of means *is at this stage* as he was when the suit was filed, unable to pay the said costs of Court because of his poverty and lack of means, nor is he able to post bond for the same; that all of the costs up to time of this application * * * have been paid; and that your affiant desires and is entitled to receive an order from this Honorable Court permitting and directing that he proceed in forma pauperis, all in accordance with Act No. 165 of 1934 of the Regular Session of the Legislature for the State of Louisiana." (Italics ours.)

Accompanying the affidavit of plaintiff is the following supporting affidavit signed by his attorney: "That he is well acquainted with Lonnie Harrison; and knows that because of his poverty and lack of means the said Lonnie Harrison is unable to pay the costs, either present or future, of that certain case entitled 'Lonnie Harrison versus (No. 5451) Howard Jones' now pending in the Fifth District Court, Parish of Franklin, State of Louisiana; nor is he able to give bond for the same."

Section 2 of Act No. 165 of 1934 states, in clear and unambiguous terms, that a litigant is entitled to claim the right to proceed in forma pauperis "at any time during the pendency of the suit, whether on appeal or otherwise."

In this section it is also provided "that where a party has been able to pay and has actually paid the initial costs of the litigation, but later becomes unable to pay further costs as they may accrue or to furnish bond for same, he shall file his affidavit, supported as above required, setting forth these facts; and on the presentation of such affidavits, *it shall be the duty of the Judge to make inquiry into the facts of the case.* If such examination convinces him that such party is unable to pay the costs or to give bond for the same, the Judge shall enter an order permitting the applicant to litigate, *or to continue to litigate,* in the cause without prior payment of costs, or as they accrue, and without giving bond for such costs." (Italics ours.)

■ From the foregoing facts stated in this opinion, plaintiff has fully complied with all of the requirements of the statute and it is the mandatory duty of respondent judge, on the presentation of plaintiff's affidavits, "to make inquiry *into the facts* of the case," which respondent judge refused to do, and rejected plaintiff's application from the bench.

We do not agree with respondent judge in his ruling that plaintiff does not come under the act.

■ Nor do we agree with his contention that, instead of "borrowing" the money to pay the initial cost, the litigant, who is indigent, should proceed in his original pleading in forma pauperis.

The fact that a litigant does all that he can to pay, at least, the initial costs of the suit, is to be commended rather than condemned, as it evidences an honest intention on his part to pay all that he is able to pay of the costs of the litigation. The mere fact that some sympathetic friend hands a man, who is down and out, a $10 bill to bring a lawsuit does not, by any means, indicate that the litigant, otherwise indigent, can continue to borrow to pay future costs, or that he should be compelled to do so, as contended by respondent judge.

■ Nor do we agree with the contention of respondent judge that the supporting affidavit cannot be signed by the attorney of plaintiff.

The statute provides that the affidavit supporting the affidavit of a plaintiff, applying for an order to proceed in forma pauperis, shall be made by "a third person." This means merely by some one other than the plaintiff. An attorney signing a supporting affidavit is not a party to the suit; no judgment in the case can be rendered either in his favor or against him. He is, therefore, "a third person," in the usual acceptance of that term. If the Legislature had intended to bar an attorney from making a supporting affidavit, it would have said so in express terms. In fact, an attorney may be the only person who is acquainted with the financial condition of his client, to whom he stands in the relation of a confidential adviser.

■ The errors into which respondent judge has fallen in this case have resulted largely from his insistence that Act No. 165 of 1934 should be strictly construed.

In Succession of Wolfe, 180 La. 688, at page 692, 157 So. 391, 392, it is said by this court that: "The courts have, in the interest of indigent litigants, given section 2 of Act No. 156 of 1912 a liberal interpretation, and the Legislature, by the passage of Act No. 165 of 1934, has made that interpretation the law of this state. This act provides that *any person shall have the right to exercise the privilege granted by the act upon the filing of his petition and affidavits at any time during the pendency of the suit, whether on appeal or otherwise.*" (Italics by the court.)

The act fully protects the courts, the clerks of courts, and the defendants in suits against any imposition by a plaintiff claiming to proceed in forma pauperis.

Even after the trial judge has granted to a litigant the right so to proceed, it is provided in section 2 of the act that: "Any adverse party in the cause in which such an order is entered shall have the right, by rule, to summarily traverse the truth of the applicant's claim; and, if such traverse be successful, the court shall rescind such order and shall condemn the applicant to pay all the costs accrued to date, inclusive of the cost of said rules."

It is therefore ordered that the rule nisi issued herein be made absolute.

It is now ordered that the order of respondent judge, denying the application of relator to proceed in this suit in forma pauperis, be set aside, and that said application be reinstated on the docket of the lower court.

It is further ordered that a writ of mandamus issue to respondent judge, the Honorable C. J. Ellis, judge of the Fifth judicial district court, parish of Franklin, directing him to proceed to hear, in due course, the application of relator, and to make inquiry into the facts of the case, and to render such judgment as he may determine is justified by the facts.

It is further ordered that defendant Howard M. Jones pay the costs of this proceeding.