188 So. 152

### SCOTT v. SHREVEPORT RYS. CO.

No. 35212.

April 3, 1939.

Robert J. Newson, of Shreveport, for applicant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for respondent.

LAND, Justice.

This is a suit for damages in the sum of $2000, alleged to have been sustained by plaintiff, while a passenger on a street car operated by defendant company in the City of Shreveport, La.

Plaintiff alleges that, upon boarding the street car, the motorman-conductor, without notice or warning, closed the door on the left arm of plaintiff, before he could get inside, and bruised his arm severely, causing a possible fracture of the bone.

That plaintiff has had some medical attention, all that he was able to afford in his impoverished condition.

That previous to the accident, plaintiff was profitably employed, but, on account of his injury, he is not able to work and does not know when he will be able to go back to work.

That plaintiff is unable because of his poverty and lack of means to advance the court costs or to obtain a bond for such costs, and that he is entitled to prosecute this suit in forma pauperis, he having been a citizen of Caddo Parish, Louisiana for the past three years.

Plaintiff prays that he be allowed and permitted to file this suit in forma pauperis,

and for all necessary orders, and for general and equitable relief.

Plaintiff annexed to his petition his affidavit, affirming that he is a citizen of this State and has been residing in Caddo Parish for more than three years, and that he is unable because of his financial and impoverished condition to pay the costs of this suit in advance, or to give a bond for the payment of the costs, and that he desires to be relieved from paying the costs in advance and from giving a bond for the payment of the costs.

There is also annexed to plaintiff's petition the supporting affidavit of his wife, Theodosia Scott, stating that she is well acquainted with John Scott and knows his financial and impoverished condition and inability to pay the costs of this suit in advance and to give a bond for the payment of the costs.

Respondent judge then signed the following order:

"Considering the above and foregoing, it is ordered that John Scott, petitioner herein, be and he is authorized and permitted to institute this suit without the payment of the costs of court in advance and from giving a bond for the payment of the costs."

However, as shown by the minutes of the court, after the case was taken up for trial, and evidence adduced in part, respondent judge ex proprio motu ordered that his order permitting plaintiff to institute this suit in forma pauperis be recalled and that plaintiff furnish bond within 30 days in the amount of $100.

Plaintiff filed a motion for rehearing, which was granted, and the order previously entered ordering plaintiff to furnish bond within 30 days in the amount of $100 was rescinded, and plaintiff allowed to proceed in forma pauperis.

Thereafter, defendant company filed a motion to traverse the allegations of financial inability in plaintiff's petition, and also a rule to show cause why the order permitting plaintiff to proceed in forma pauperis should not be recalled.

Respondent judge issued a rule to show cause, and plaintiff filed an exception of no right or cause of action to the petition in rule, which was overruled by respondent judge. Evidence was adduced, rule was submitted, and judgment rendered making rule absolute.

Counsel for plaintiff then gave notice of his intention to apply to the Supreme Court for writs of certiorari, prohibition and mandamus. The application for writs was granted by this court, with a temporary stay order, and rule nisi was issued.

(1) The motion of defendant company to traverse the allegations of plaintiff's petition, supported by the annexed affidavits, was a mere gesture. No evidence was introduced by defendant company to show that plaintiff had sufficient means to pay court costs in advance, or to give bond for payment of such costs in the amount of $100 within thirty days.

The evidence before respondent judge shows that plaintiff, at the time of the trial, worked on a night shift of twelve hours at the Charity Hospital at Shreveport, La.,

and received $15 every two weeks. His wife also had worked at the Hospital on a night shift of twelve hours, and had received $20 a month, but had left her employment before the trial of the suit.

The evidence also shows that neither plaintiff, nor his wife, has any property or other income, except the wages of $30 a month earned by plaintiff, who, in addition to the support of his wife, has a minor child of the age of eight years to provide for. With a meagre sum of $1 a day wages, it is difficult to understand how it is possible for plaintiff to furnish his wife and minor child with food and clothing, to supply himself with clothes, and then have a sufficient surplus left, after payment of rent for a house for himself and family, out of his earnings of $1 a day, with which to pay court costs in advance, or to secure a bond in the sum of $100, within 30 days.

To interpret Act No. 165 of 1934 in the strict manner in which respondent judge has done in this case, would defeat the very purpose of the act, which is to afford relief to litigants whose poverty would otherwise deny them access to the courts, for the redress of their wrongs.

In Harrison v. Jones, 187 La. 489, at page 495 of the opinion, 175 So. 37, 38, this court said that:

"The errors into which respondent judge has fallen in the case have resulted largely from his insistence that Act No. 165 of 1934 should be strictly construed.

"In Succession of Wolfe, 180 La. 688, at page 692, 157 So. 391, 392, it is said by this court that:

" 'The courts have, in the interest of indigent litigants, given section 2 of Act No. 156 of 1912 a liberal interpretation, and the Legislature by the passage of Act No. 165 of 1934, has made that interpretation the law of this state. This act provides that *any person shall have the right to exercise the privilege granted by the act upon the filing of his petition and the affidavits at any time during the pendency of the suit, whether on appeal or otherwise.'* " (Italics by the court.)

"The act fully protects the courts, the clerks of the court, and the defendants against any imposition by a plaintiff claiming to proceed in forma pauperis.

"Even after the trial judge has granted a litigant the right so to proceed, it is provided in Section 2 of the act that: "Any adverse party in the cause in which such an order is entered shall have the right, by rule, to summarily traverse the truth of the applicant's claim; and, if such traverse be successful, the court shall rescind such order and shall compel the applicant to pay all the costs accrued to date, inclusive of the cost of said rules."

As defendant company has failed to traverse successfully the truth of plaintiff's claim that he is unable, because of his poverty and lack of means, to advance the court costs or to obtain a bond for such costs, plaintiff is clearly entitled to proceed in the prosecution of his suit in forma pauperis.

It is therefore ordered that the rule nisi issued herein be made absolute.

It is now ordered that the order of respondent judge, setting aside his previous

order permitting plaintiff to proceed in this suit in forma pauperis, and requiring plaintiff to furnish bond in the amount of $100 for court costs within thirty (30) days, be and the same is hereby set aside.

It is further ordered that a writ of mandamus issue to respondent, the Honorable John R. Pleasant, Judge of the First Judicial District Court for the Parish of Caddo, directing him to reinstate his previous order of date October 18, 1938, authorizing and permitting plaintiff, John Scott, relator herein, to institute this suit and prosecute same without the payment of court costs in advance and from giving bond for the payment of costs, said order when reinstated to be effective from date of granting same, to-wit, October 18, 1938.

It is further ordered that defendant, Shreveport Railways Company, pay the costs of these proceedings.

HIGGINS, J., absent.