FOURNET, Chief Justice.
 

 Certiorari was granted in this case, limited to the question of taxability of court costs against the party cast when such party is the unsuccessful plaintiff who has proceeded
 
 in form pauperis,
 
 the Court of Appeal for the Parish of Orleans having affirmed the lower court’s judgment against the plaintiff-appellant, at the cost of plaintiff, and in refusing a rehearing, having expressly adhered to its view that an unsuccessful pauper plaintiff must be condemned for costs. See La.App., 93 So.2d 557.
 

 Suits
 
 in forma pauperis
 
 have been authorized in the courts of this State since 1912, when the Legislature of that year adopted its Act 156, granting to any person who is a “citizen of this State” or “an alien * * * domiciled in this State for three years,” the right to prosecute and defend all actions to which he may be a party, “without the previous or current payment of costs or the giving of bonds for costs, if he is unable because of his poverty to pay such costs or to give bond for the payment of such costs.” By amendments in 1918 and 1938, additions were made to the 1912 Act which are not here pertinent, and its provisions as amended were incorporated in the Revised Statutes of 1950 as R.S. 13:4525-4529. Section 4 of the 1912 Act (R.S. 13:4528) has remained unchanged since its original adoption, and declares:
 
 *801
 
 “If the litigant exercising the privilege [to proceed
 
 in forma
 
 pauperis] is cast, he shall be condemned to pay the costs incurred by him and the costs recoverable by the other parties to the action.”
 

 The Court of Appeal, on application for rehearing in this matter, made an exhaustive review of cases from our appellate courts, including three from this Court, wherein it was held to be error to assess costs against an unsuccessful plaintiff who had proceeded
 
 in forma pauperis;
 
 and expressing “tremendous timidity” in saying that there was no authority for such holding, suggested that Section 4 of the 1912 Act had simply been overlooked. As evidence of this conclusion, the Court observed that although fourteen cited decisions of our Courts of Appeal held that a pauper plaintiff could not be condemned for costs, yet in not one of those was Section 4 even referred to, whereas in four cases
 
 [1]
 
 in which Section 4 was referred to, it was held that, because of its provisions, an unsuccessful pauper plaintiff must be condemned for costs.
 

 Our independent research convinces us of the correctness of the conclusion reached by the Court of Appeal in this matter. The error appears to have arisen in a Per Curiam to Causey v. Opelousas-St. Landry Securities Co., 192 La.
 
 677,
 
 188 So. 739, 742, in which this Court stated that “through inadvertence,” the unsuccessful plaintiff had been cast in costs- — remarking, without citation of authority, that “plaintiff instituted the suits
 
 in forma pauperis;
 
 hence, the plaintiff should not be condemned to pay the costs.”
 
 [2]
 
 Such ruling is especially difficult to explain in view of the fact that, at the same term of court and on the decree day immediately following, in a case involving an attack on the constitutionality of Act 156 of 1912, it was specifically recognized that provisions of the fee bill, rather than being repealed by the privilege of
 
 *803
 
 proceeding
 
 in forma pauperis,
 
 were “recognized by the act itself, because it creates an exception in favor of a pauper litigant with the proviso that should he be cast he shall be condemned for costs (section 4), * * Jackson v. Hart, 192 La. 1068, at page 1078, 190 So. 220, 223. Nevertheless, the error was compounded in Hicks v. Royal Indemnity Co., 229 La. 536, 86 So.2d 183, reliance being placed on what was said in the Per Curiam to the Causey case, supra.
 
 [3]
 
 In doing so, we not only overlooked entirely the mandatory provisions of Section 4 of the Act (R.S. 13:4528), but were unmindful of what had been previously said on the subject in the case of White v. Walker, 136 La. 464, 67 So. 332, 333, i. e., “This statute does not relieve a pauper citizen of this state of the obligation to pay costs. The fourth section of the act provides that, if judgment be rendered against a litigant who has availed himself of the privilege granted by the act, he shall be condemned to pay the costs incurred by him and recoverable by the other parties to the suit. Hence the statute only relieves pauper citizens of this state of the obligation of paying court costs in advance or as they accrue or furnishing bond and security for such costs. * *
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.
 

 [1]
 

 . White v. Walker, 136 La. 464, 67 So. 332; Jackson v. Hart, 192 La. 1068, 190 So. 220; Singleton v. First National Life Insurance Co., La.App., 157 So. 620, and Fulton Bag & Cotton Mills v. Fernandez, La.App., 165 So. 476.
 

 [2]
 

 . The Causey case was before the Court for a second time; on a previous appeal, prosecuted by the defendant from a judgment confirming a default, this Court annulled the judgment and remanded both cases to the lower court for further proceedings, assessing the "costs of appeal against plaintiff-appellee; in a Per Curiam, this assessment was said to have been an oversight, in view of the fact that the suit was prosecuted
 
 in forma pauperis,
 
 and the decree was corrected to provide that all costs were to await the final determination of the cases. In the course of its opinion the Court observed: “The object and purpose of the act is to make it possible for those who are unable because of their poverty and want of means either to pay the costs of the case
 
 in advance,
 
 or
 
 as they may accrue,
 
 or to give bond for the payment of such costs, to litigate their claims in the courts of this state; * * Emphasis supplied; 187 La. 659, at page 666, 175 So. 448, 450.
 

 [3]
 

 . Also cited as authority for the holding in Hicks v. Royal Indemnity Co. was Stringer v. Brown Paper Mill Co., 224 La. 904, 71 So.2d 343, 344, wherein we stated that certiorari was granted “primarily because it appeared that the Court of Appeal erred in awarding a judgment against plaintiff for all
 
 costs
 
 notwithstanding that he had sued
 
 in, forma pauperis,”
 
 but upon a review of the facts, the plaintiff was allowed to recover, so that the point was not squarely decided.