ELLIS, Judge.
This suit is brought by the plaintiff, Ralph Lasha, against the insurer of Campbell Construction Co., his employer, claiming total and permanent disability under the provisions of the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq. for an alleged injury which occurred on December 17, 1957.
The defense urged was that the plaintiff had not sustained the burden of proof to show the occurrence of an accident during the scope and course of his employment.
The district court, upon the evidence adduced, with written reasons, was of the opinion the plaintiff had not proven his case and consequently rejected his demand.
The plaintiff has appealed.
The testimony of the plaintiff was to the effect that on the day the alleged accident *676 occurred lie was a truck driver working for Campbell Construction Co., and that upon that morning Mr. Reynolds, his superintendent, told him to count some rails on a flat car, which was being unloaded. He stated that as he started counting these rails one of his fellow workmen cried out to him to look out, and as he heard steel dragging across the bed of his truck he jumped to the ground and sustained the injuries complained of. The alleged accident occurred on Tuesday morning. Lasha worked the balance of the day and all of the Wednesday following. The crew did not work Thursday because it was raining. On that day he reported the accident to Mr. Reynolds.
Reynolds testified the plaintiff was hired as a truck driver and there was no occasion for him to count the rails, nor did he tell the plaintiff to count them; that no one except the plaintiff told him Lasha was injured and he did not report this accident until Thursday.
Alford and Nichols both testified they were in the crew unloading the rails and that neither saw the plaintiff on the flat car, Nichols stating he was close to the car and did not hear anyone cry out to the plaintiff to get out of the way.
Horace Williams and Wilmer Pitre, the first in charge of the loading crew, and the second of the loading crew, also testified Lasha had no business counting the rails, was not told to do so, and was never on the trailer.
The only corroboration of the plaintiff’s testimony was by Sidney Carpenter. This man, who was working for another employer, testified he saw Lasha jump from the trailer to the ground. His testimony is not in accord with the plaintiff’s since he said that at the time Lasha jumped there were already several rails on the trailer. Lasha testified there were no rails at all upon the trailer when he jumped. He also stated the truck driver was not supposed to be on the bed of the truck at all.
The plaintiff would not admit he was ever involved in any compensation cases except one, while the record clearly shows he had been involved in five such cases and received payment through settlement in four of them, having claimed total permanent disability.
These injuries and compromises consisted of an alleged sprain to the left elbow and a sprained back in March of 1953. A compromise and settlement for alleged injuries suffered while jumping across a ditch and falling, “resulting in severe contusions, lumbo sacral sprains, nerve injuries, ruptures intervertebral discs and other injuries to his back and other parts of his body” on or about Dec. 21, 1953, for which he received $4000 in addition the sum of $1320 previously paid, and medical and hospital bills in the sum of $1095,20; compromise and settlement for an alleged injury to the “muscles, ligaments, nerves, bones and tissues of his left wrist” on or about Nov. 16, 1956 in the sum of $75 in addition to the medical expenses; a compromise and settlement of an alleged injury to his “left side and back” on or about Nov. 8, 1951 for which he received $875.
On his own behalf plaintiff proved that he reported the accident to Reynolds, company superintendent, which the latter admitted, two days after the accident, and he was sent promptly to Dr. Moss who found muscle spasm on admission and examination which in his opinion could not be faked. He also proved that Dr. Morin found objective signs of disability and injury which in his opinion could not be faked. Dr. Moss and Dr. Morin both stated that in their opinion the plaintiff was disabled at the time of trial. He also proved that a fellow employee actually drove a truck for him on the second day after the accident.
From the medical testimony there is no doubt that the plaintiff is suffering from some sort of back disability. Dr. Morin was of the opinion that plaintiff had a “so *677 called degenerating disc. He has had it for a long time, and for the rest of life whenever he jumps every now and .then, pop! — because it is no good, its going to flatten out, strike a nerve, and if he is seen by a doctor thereafter he is going to give a picture of a disc.” Without a myelo-gram, however, the doctors cannot say that plaintiff has or has not a herniated disc.
The question however, before the court is whether this plaintiff suffered an accident as alleged and testified to by him. Based' upon the evidence in the record which has been briefly outlined, the lower court was of the opinion that he had not proven the accident, and therefore rendered judgment dismissing plaintiff’s suit.
 Our law is clear that a prerequisite to recovery of workmen’s compensation is that an employee must prove an accident within the scope of and course of his employment and also show a causal connection between such accident and the alleged injury and disability. Sims v. Brown Paper Industries, La.App., 55 So.2d 311; Baham v. Raziano, La.App., 58 So.2d 341; Braziel v. Pope, La.App., 86 So.2d 717.
The lower court in its written reasons for judgment stated “This being a pauper suit, plaintiff is relieved from the payment of costs of court.” The formal decree does not mention costs, but in order to avoid any misunderstanding we will amend the judgment in this respect. Under the authority of Coulon v. Anthony Hamlin, Inc., 233 La. 798, 98 So.2d 193, 195, in which the Supreme Court of Louisiana through Chief Justice Fournet held: “ * * * the statute only relieves pauper citizens'of this state of the obligation of paying court costs in advance or as they accrue or furnishing bond and security for such costs. * * * ”.
We are unable to say that the lower court was in manifest error and the judgment is amended by ordering the dismissal of plaintiff’s suit at his costs, and as thus amended, is affirmed.