HARDY, Judge.
This is an action for workmen’s compensation in which plaintiff seeks to recover as for total permanent disability resulting from injuries sustained in the course and scope of his employment. From a judgment in favor of defendant, insurer of plaintiff’s employer, plaintiff has appealed. Defendant has answered the appeal, praying that all costs of the litigation be taxed against plaintiff.
Plaintiff alleged that while in the performance' of his duties as an employee of McFarland’s Service Station in Natchito-ches, on May 14, 1957, he received injuries which resulted in his total and permanent disability. Defendant denied the occurrence of the accident and the alleged injury and disability. In a brief statement of reasons for judgment the trial judge concluded that plaintiff had failed to establish an accident by a preponderance of the evidence.
*622 In addition to his own testimony with reference to the occurrence of the alleged accident, plaintiff tendered as corroborating witnesses his brother-in-law and a next door neighbor and close friend. Examination of the testimony of plaintiff and his two supporting witnesses indicates a number of discrepancies in their respective narratives as to the nature of the purported accident and the manner in which it occurred. The record discloses that while in military service plaintiff sustained injuries when struck on the left side of the head and in the stomach by an airplane propeller, from which injuries he has continued to suffer, and has at frequent intervals been examined and treated at various Veterans Hospital facilities. As the result of the injuries plaintiff was rated on a 30% disability basis, which appears to have been automatically increased to 40% sometime prior to the trial of this suit.
It is to be noted that despite the allegedly serious injuries sustained by plaintiff, as the result of the accident which is the basis of this suit, he did not report to a doctor for treatment until some two weeks following the occurrence of the alleged accident, and upon this occasion, according to the testimony of the doctor, plaintiff made no mention and gave no history of such an accident. There is also some testimony on the part of plaintiff’s employer which would give the basis for a belief that plaintiff had attempted to procure the consent of his employer in making a fraudulent claim for compensation, against the employer’s insurer.
After examination of the record it suffices to say that we cannot accept the testimony of plaintiff and his witnesses as being sufficiently credible to establish the occurrence of the alleged accident, and we think it is evident, from the conclusion of the district judge, that he did not believe these witnesses. Under the circumstances, we fail to find any manifest error in the judgment appealed from.
Defendant’s answer to the appeal in which it seeks the assessment of costs against plaintiff is well founded. The pronouncement of our Supreme Court in Coulon v. Anthony Hamlin, Inc., 233 La. 798, 98 So.2d 193, serves to clarify the theretofore somewhat confused jurisprudence with reference to the assessment of costs in cases which are instituted in forma pauperis. The judgment of the Supreme Court affirmed the holding of the Orleans Court of Appeal, which was supported by a well reasoned opinion on this particular point (see 93 So.2d 557).
For the reasons assigned the judgment appealed from is affirmed and all costs of both courts are assessed against plaintiff.