SANDERS, Justice
(dissenting).
The present decision stands for the rule that an indigent litigant cannot secure the issuance of subpoenas for witnesses without the advance payment of the witness fees and expenses. The holding marks an abrupt break with the past. After careful study, I find that I am unable to subscribe to it.
Since 1912 Louisiana has opened the doors of its courts to litigants whose poverty would otherwise preclude their securing justice. At the heart of this policy has been the availability to these litigants of compulsory process for the attendance of witnesses.[1]
The method employed by the law to assure these parties access to justice has been to eliminate the advance payment of court costs upon order of the court after a proper showing of poverty. In effect, the payment of court costs are deferred until the termination of the litigation. When judgment was against the indigent litigant, the court was required to assess the costs against him under the former law. LSA-R.S. 13 :4528; Coulon v. Anthony Hamlin, Inc., 233 La. 798, 98 So.2d 193. Under the LSA-Code of Civil Procedure, the assessment against the indigent litigant in such a case is authorized, but is no longer mandatory. Arts. 5188, 2164, 1920, LSA-C.C.P. When judgment was in favor of the indigent litigant, the costs were assessed against the adverse party. The suit could not be compromised without the payment of the accrued costs. LSA-R.S. 13:4527; LSA-C.C.P. Art. 5187.
Etienne Clark, the plaintiff in the instant case, has been authorized by the court to prosecute this action without paying the costs in advance, or as they accrue, or furnishing security for them. The adequacy of his showing of poverty has not been questioned.
The narrow question presented is whether the Clerk of Court is required to issue the subpoenas for his witnesses without the advance payment of the witness fees and expenses.
*388 Art. 5181, LSA-C.C.P. provides:
“A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding, other than an action for a divorce or for a separation from bed and board, in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor. * *” (Italics mine).
Art. 5185 further recites:
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to :
“(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal * *
(Italics mine.)
A fair interpretation of these articles, as I view them, is that the indigent litigant is entitled to the issuance of subpoenas without the advance payment of costs. Article 5185 specifically designates the issuance of subpoenas as a service to which the litigant is entitled. Since the Clerk of Court is the only public official who performs that service, the Article imposes upon him a mandatory duty to issue them for the litigant.
The majority has noted the omission in Article 5185, LSA-C.C.P. of the word, witnesses, which appeared in LSA-R.S. 13 :- 4525, the indirect statutory source of the Article. However, I do not construe this omission as making a change in the law. My conclusion in this regard is strengthened by the official comments, which indicate no change in this regard.
A holding to the sacrament of a single word is not favored in statutory interpretation. Article 5051 requires that the articles of the Code of Civil Procedure be construed liberally. Moreover, the rule of liberal construction has always applied to the forma pauperis statutes, which are remedial in nature. See Harrison v. Jones, 187 La. 489, 175 So. 37; Succession of Wolfe, 180 La. 688, 157 So. 391; and Singleton v. First Nat. Life Ins. Co., La.App., 157 So. 620.
As a further basis for decision, the majority cites LSA-C.C.P. Art. 1353, which stipulates :
“No subpoena shall issue until the party who wishes to subpoena the witness first deposits with the clerk of court a sum of money sufficient to pay all fees and expenses to which the witness is entitled by law.”
As noted in the official comment to this Article, the only change wrought by it is to require the advance deposit of the fees and expenses of the witnesses residing in the parish. The former law, LSA-R.S. 13 :- 3661, required such a deposit only for witnesses residing outside the parish. This rule is now made applicable to .all witnesses.
Article 1353 sets forth the general rule relative to the payment of witness costs. It does not apply to the indigent litigant authorized to prosecute an action without the advance payment of costs. For it yields to Article 5185, the specific article governing indigent litigants, just as the other provisions of law requiring the advance payment of court costs yield to it.[2] Applicable here is the familiar rule of statutory construction that a specific statutory provision prevails over a general one.[3] In effect, the specific *389 provisions relating to the indigent litigant constitute an exception to the general law requiring the prepayment of costs. See Coulon v. Anthony Hamlin, Inc., 233 La. 798, 98 So.2d 193; Jackson v. Hart, 192 La. 1068, 190 So. 220; and 50 Am.Jur., Statutes, § 367, pp. 371-372.
Without the attendance of witnesses, the humanitarian policy of the forma pauperis law will be defeated. Poverty, rather than the judge, will decide the case of an indigent litigant. In my opinion, the law does not require such a result.
For the foregoing reasons, I respectfully dissent.

. (dissenting opinion). Hartford v. Mobley, 233 La. 956, 98 So.2d 250.

. See, e. g„ LSA-R.S. 13:842, 843, 844.

. State v. St. John The Baptist Parish School Board, La.App., 135 So.2d 665; Hewitt v. Webster, La.App., 118 So.2d 688; 50 Am.Jur., Statutes, § 367, pp. 371-372.