HALL, Judge.
This is a suit for rent due pursuant to a vehicle rental agreement between the parties. Judgment was rendered in favor of the plaintiff, Auto For Rent,’ Inc., and against the defendant, Sam Provenza, for the sum of $1,340.16 due under the agreement. Defendant has appealed.
Appellee filed in this court a motion to dismiss appeal based on the failure of appellant to perfect his devolutive appeal by furnishing security within the ninety (90) day period provided by Article 2087 of the Louisiana Code of Civil Procedure. The motion to dismiss was not filed within three (3) days, exclusive of holidays, after the record on appeal was lodged in this court as required by Article 2161 of the Louisiana Code of Civil Procedure, but since the grounds for the motion go to the jurisdiction of this court the motion was timely filed and will be considered. Additionally, if this court lacks jurisdiction, the appeal must be dismissed on the court’s own motion.
Judgment was signed in this case on February 23, 1971 and notice of judgment was served on defendant on February 24, 1971. The three (3) day delay, exclusive of legal holidays, for applying for a new trial expired on March 1, 1971.
Appellant petitioned for and obtained an order for a devolutive appeal on May 19, 1971 with the appeal bond set at $50. The required security was not furnished within the ninety (90) day period for perfecting an appeal. On July 9, 1971, after the delay for perfecting an appeal had expired, appellant filed a motion praying that he be permitted to prosecute his devolutive appeal in forma pauperis and an order was entered to that effect by the district court on that date.
The ninety (90) day period for perfecting the appeal expired without appellant furnishing the required security and without appellant being granted the right to proceed in forma pauperis. The order subsequently applied for and granted permitting appellant to proceed in forma pauperis is of no effect and did not serve to extend or circumvent the time allowed by law for perfecting the appeal. See Wilkerson v. Luneau, 198 So.2d 183 (La. App.1st Cir. 1967) and Hyatt v. Hartford Accident and Indemnity Company, 225 So. 2d 102 (La.App.3d Cir. 1969).
The appeal not having been perfected by the furnishing of security or the granting of a forma pauperis order within the time allowed by law for perfecting the appeal, this court is without jurisdiction and the appeal must be dismissed.
For the reasons assigned, the appeal is dismissed at appellant’s costs.
Appeal dismissed.