DOMENGEAUX, Judge.
ON MOTION TO DISMISS APPEAL
Plaintiff Enterkin filed suit to disavow the defendant-appellant, and was granted a judgment of disavowal signed January 6, 1972, which decreed that he was not the father of the defendant-appellant. The appeal was taken on January 18, 1972, in for-ma pauperis without bond, on affidavits which did not meet the requirements of LSA-C.C.P. Article 5183. A rule to traverse the January 18, 1972, pauper order was filed in the trial court on February 4, 1972, but not considered. A new affidavit was signed on February 23, 1972, and filed on February 29, 1972. A motion to dismiss the appeal was filed on April 17, 1972. We remanded in order to allow plaintiff-appellee to traverse the facts alleged in the affidavits, as well as the authority of those who executed the affidavits. La.App., 262 So.2d 99.
At the hearing in the trial court held to traverse the pauper order, counsel for plaintiff-appellee agreed that it was undisputed that the infant, Angela Michelle De-vaux, was unable to pay the court costs. ■ She stipulated as a matter of record that she was not contending that the appellant was able to pay the court costs. Appellant is a girl infant born at Charity Hospital around the 1st of October, 1971. She was, therefore, about four and one-half months old when her appeal was perfected. Her mother and father were legally separated; a tutor had not been appointed for her. Her mother did not answer citation in this case. She could not be found to sign an affidavit of the child’s poverty, and Edwin R. Hughes, attorney at law, was appointed to represent the child, pursuant to C.C.P. Article 5091. He stated at the hearing on the rule to traverse that he attempted to find someone to sign an affidavit of the child’s poverty, but that he could find no one who knew the mother or the child. He, therefore, signed the first affidavit himself. There were no other affidavits filed with the motion to appeal in forma pauperis.
After counsel for the plaintiff-appellee had filed a rule in the trial court to traverse the affidavits of poverty, the court appointed attorney was able to secure an affidavit from the child’s mother that she was impecunious, which was filed on the 29th day of February, 1972. Although it is undisputed that the child cannot pay the costs of the appeal, since the technical requirements of LSA-C.C.P. Art. 5183 were not complied with, counsel for plaintiff-ap-pellee contends the child did not timely secure an order of appeal. (Apparently counsel contends that in the absence of a timely-filed appeal bond or a technically correct pauper order, the appeal is not timely perfected.) Therefore, she contends that the appeal of the infant must be dismissed for failure to have timely perfected it.
*723 When no tutor has been appointed for a child of separated or divorced parents, or an illegitimate child, he is a proper party defendant in an action brought against him. In this instance, the court must appoint an attorney at law to represent him. C.C.P. Art. 732. C.C.P. 5091. All proceedings against such a defendant must be conducted contradictorily against the attorney at law appointed by the court to represent him. C.C.P. 5091. Ordinarily under C.C.P. 5095, the appointed attorney has the power and duty to except to the petition, file an answer in time to prevent a default judgment from being rendered, plead therein any affirmative defense available and prosecute an appeal from an adverse judgment. He “. generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.” C.C.P. 5095.
However, counsel for plaintiff-appellee is correct in pointing out that the official revision comment to C.C.P. Article 5183 states:
“Under the indirect source provision of this article, it has been held that the attorney for an indigent plaintiff may execute the supporting affidavit as to plaintiff’s poverty. Harrison v. Jones, 187 La. 489, 175 So. 37 (1937). This rule is undesirable and the above article is intended to overrule legislatively the Harris case.”
However, the redactors of the Code of Civil Procedure evidently were not thinking of a situation where an indigent infant or insane person without a tutor could not find another person who knew his financial ability and was willing to sign an affidavit of poverty. Here, the infant’s mother did not care enough to sign an affidavit of poverty for the child. The infant’s court appointed attorney finally persuaded her to sign an affidavit of poverty after the first motion to traverse had been filed.
Counsel for plaintiff states that had the affidavits of poverty been signed by a legal tutor instead of a court appointed attorney, it would have been valid as the child’s affidavit of poverty. It is submitted, however, that the redactors of the Code of Civil Procedure did not intend to cut off an indigent infant’s right to appeal by providing that he could be sued through a court appointed attorney when no tutor had been appointed. This motion has revealed a hiatus in the law.
We believe that where an oversight of the redactors does not provide a technically perfect procedure whereby an indigent infant can appeal, this court should look to the intent of the Code that everyone should have the same favored rights of appeal.
However, the motion need not be decided on this issue alone. The privilege of proceeding in forma pauperis is extended to those unable to pay the costs of court because of their poverty or lack of means. C.C.P. 5181. The affidavits which plaintiff-appellee contend are sacramental are mere annexations to the application to proceed in forma pauperis. C.C.P. Art. 5183. They are thus a form of pleadings for this ex parte proceeding. Once the application to proceed is received, the judge then inquires into the facts to see if the applicant is entitled to proceed in forma pauperis. C.C.P. Art. 5183. Whether one is entitled to so proceed should depend not so much on the technical requirements of the pleadings involved but on “the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may he discouraged, without depriving a litigant of its benefits if he is entitled thereto." C.C.P. Art. 5182.
The interpretation of the indirect source of C.C.P. Articles 5181-88 would seem to support this view:
“Counsel for appellant concedes, under the authority of the case of Beuhler v. *724 Beuhler Realty Company, Inc., 155 La. 319, 99 So. 276, that one may prosecute a suit, under section 2 of Act No. 156 of 1912, as amended by Act No. 165 of 1934, in forma pauperis in his representative capacity, but they contend that in this case, under the allegations of the petition and the supporting affidavit of the third person, that it was Truman M. Causey individually — not the successions which he represents — who is declared to be the pauper . . . ”
>K * * * * *
“The affidavit of Truman M. Causey, which is annexed to each petition, recites : ‘That he appears herein as the duly qualified curator of the vacant succession, '* * * ’ and while it is true that the supporting affidavit executed by H. D. Smith recites that Truman M. Causey, because of his poverty and lack of finances or means was unable to pay the present or future costs, or to give bond therefor, nevertheless, on the trial of the rule to show cause filed by the defendant, the inventory of the assets of each succession — all in litigation — was filed and introduced in evidence and shows that the only property owned by each succession was the respective properties in controversy here. We are, therefore, of the opinion that the trial judge was justified in his ruling because the plaintiffs were in fact entitled to prosecute these suits in forma pauperis. The object and purpose of the act is to make it possible for those who are unable because of their poverty and want of means either to pay the costs of the case in advance, or as they may accrue; or to give bond for the payment of such costs, to litigate their claims in the courts of this state; and the requirement of the affidavit of the party invoking such rights and privileges, together with the affidavit of a third person declaring that he knows the litigant claiming the privilege and his financial condition, and that he firmly believes the party unable to pay the costs, etc., is merely a safeguard for the protection of the courts from imposition.” (Emphasis added.) Causey v. Opelousas-St. Landry Securities Co., 187 La. 659, 175 So. 448 (1937).
A ruling denying, the motion to dismiss and upholding the indigent infant’s appearance in this court would be compatible with other recent jurisprudence in this area. Affidavits of poverty are deemed true until traversed. McKellar v. Mason, 154 So.2d 237 (La.App.4th Cir., 1963). A motion to proceed in forma pauperis may be filed at any stage of the proceedings, but the granting of such an order will not relieve the appellant of the duty of timely furnishing a devolutive appeal bond “unless the order is granted within the 90 day delay allowed by LSA-C.C.P. art. 2087 for furnishing such a bond.” Hyatt v. Hartford Accident and Indemnity Co., 225 So.2d 102 (La.App.3rd Cir., 1969), writs refused 254 La. 841, 227 So.2d 590, 592 (1969).
Where an appeal was taken in for-ma pauperis on the last day for taking an appeal and upon traversal of the affidavits it was found that the appellant was not entitled to the privilege, the First Circuit recently held that the appellant still had four days from the successful traversal to file a proper appeal bond under C.C.P. Art. 5124. Evans v. Livingston Peoples’ Gas Corp., 205 So.2d 466 (La.App.1st Cir., 1967). If one who is not entitled to a waiver of costs can take advantage of the four-day delay for curing a defect in the appeal bond, then there is even stronger reason for refusing to dismiss the appeal of one clearly entitled to the privilege on a technicality of form. In the instant case, the order of appeal, the forma pauperis order, the affidavits of the appointed attorney and of the appellant’s mother, were all filed within the 90-day delay.
For the foregoing reasons, the motion to dismiss the appeal is denied. Costs of this proceeding are deferred until the case is finally disposed of.