ON MOTION TO DISMISS
Before SAMUEL, STOULIG and BOU-TALL, JJ.
SAMUEL, Judge.
The defendants-appellees have filed a motion to dismiss the devolutive appeal taken herein by the plaintiff. That motion to dismiss is the only matter before us at this time.
On the same day the plaintiff filed his petition, the trial judge signed an order permitting him to proceed in forma pau-peris. After trial on the merits, there was judgment in favor of the defendants and against the plaintiff, dismissing the latter’s demand. The judgment was read, rendered and signed June 24, 1974. Plaintiff filed his motion for appeal on September 18, 1974. The order of appeal granted a devolutive appeal upon plaintiff furnishing bond in the amount of $350. No appeal bond has been furnished.
Appellees contend that where the order of devolutive appeal requires the furnishing of a .bond, but the bond is not timely furnished, the appeal must be dismissed for *278 lack of jurisdiction unless a forma pauper-is order relieving the appellant from the necessity of furnishing the bond is granted within the 90 day delay allowed by LSA-C.C.P. Art. 2087.[1] They argue the appeal in this case must be dismissed because the 90 day delay for appealing has elapsed and appellant has not obtained an order relieving him of the necessity of furnishing the bond.
We do not agree with the contention or argument. It is true that where a litigant has not been permitted to proceed in forma pauperis the devolutive appeal bond must be furnished within the 90 day delay allowed for such appeals. It is also true that, as stated or held in some of the cited cases, where there has been no order permitting a litigant to proceed in forma pauperis, to perfect a devolutive appeal he must either furnish the required appeal bond or obtain such an order relieving him of the necessity of furnishing the bond, and that order must be obtained within the delay allowed for taking the appeal.
However, in the instant case the order permitting the appellant to litigate without the payment of costs was obtained from the trial court at the time the suit was filed and that order has not been rescinded. Under the clear provision of LSA-C.C.P. Art. 5185 (4) the order includes the right to a devolutive appeal without the necessity of furnishing bond therefor and without the necessity of obtaining another in forma pauperis order.
As presented to the trial court, the order of appeal in this case contained wording requiring the furnishing of an appeal bond in an amount left blank. There is nothing on the face of the one-page motion and order indicating the proceeding was in forma pauperis and, in all probability, the trial judge was unaware of the fact that appellant had been permitted to so proceed. In any event, having permitted the appellant to proceed in forma pauperis, the trial court was without authority to require the furnishing of an appeal bond in the absence of rescinding the order permitting appellant to so proceed.[2]
For the reasons assigned, the motion to dismiss the appeal is denied.
Motion to dismiss denied.

. In support of the contention, appellees cite: Orrell v. Southern, Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710; Enterkin v. Devaux, La.App., 266 So.2d 721; Auto for Bent, Ine. v. Provenza, La.App., 261 So.2d 732; Hyatt v. Hartford Accident and Indemnity Company, La.App., 225 So.2d 102; Wilkerson v. Luneau, La.App., 198 So.2d 183.

. In pertinent part LSA-C.C.P. Art. 5185 provides:
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:

(4) The right to a devolutive appeal, and to apply for supervisory writs.” LSA-C.C.P. Art. 5185. (emphasis ours).